*In the matter of the Application of* ROBERT TUTT *for a Writ of Habeas Corpus.*

1. STATUTE — *Valid Section.* Section 3 of chapter 121 of the Laws of 1871 is constitutional and valid.

2. BURGLARY IN FREIGHT-CAR — *Void Conviction — Larceny — Valid Sentence.* Where a defendant was charged with burglary in a freight-car, under § 1 of chapter 121 of the Laws of 1871, and also with larceny under § 3 of said act, and found guilty of burglary and larceny as charged in the information, and the value of the property stolen is found to have been $6, *held*, that a sentence, based on such verdict, to confinement in the penitentiary at hard labor for five years is not void; that while the conviction for burglary is a nullity, the conviction of larceny· under § 3 is sufficient to support the sentence imposed.

*Original Proceeding in Habeas Corpus.*

THE opinion herein, filed October 5, 1895, states the case.

*F. M. McHale*, for petitioner.

*F. B. Dawes*, attorney general, *A. C. Mitchell*, county attorney, and *S. D. Bishop*, for The State.

The opinion of the court was delivered by

ALLEN, J.: The petitioner is confined in the state penitentiary under a sentence of the district court of. Douglas county. He was charged with burglary in a freight-car, and with having stolen therein a crate of tobacco-cutters. After the trial of the case, the jury rendered a verdict as follows:

"We, the jury, in the above-entitled action, find the defendant, Robert Tutt, guilty of burglary in the second degree as charged in the information, and larceny as charged in the information; and we find the value of the property stolen to be $6."

On this verdict the petitioner was sentenced to·con-

45—55 KAS.

finement in the penitentiary for five years. It is claimed on his behalf that the judgment is void, for the reason that chapter 121 of the Laws of 1871, entitled "An act prescribing the punishment for certain offenses against railroad property, and in railroad-cars and buildings," is unconstitutional: First, because the act contains more than one subject. The act does not include anything more than crimes and punishments, and is not open to this objection. Second, because § 3 provides a cruel and unusual punishment for the offense of larceny. This section reads:

" If any larceny be committed in any railway-depot, station-house, telegraph office, passenger-coach, baggage-, express-, or freight-car, or any caboose on any railway in this state, the offender may be punished by confinement and hard labor, not exceeding seven years."

While the punishment prescribed is severe, it is of the kind usually inflicted on offenders. This is not the only case in which larceny of property of the value of less than $20 is made punishable by statute by confinement in the penitentiary. The same punishment is prescribed for larceny in a dwelling-house, boat, or vessel, or from the person in the night-time. The third objection made is that the law does not have a uniform operation throughout the state. The argument is that tobacco-cutters stolen from a car are no more valuable, and the offense can be no greater, than when they are stolen from a store or any other place. The legislature has deemed the place where and the circumstances under which a larceny is committed of importance. The law applies uniformly throughout the state to all offenses committed under like circumstances, and is therefore not open to this objection.

Aside from the question of the constitutionality of the law, it is claimed that the sentence is void, because this court, in the case of *The State v. Guiney*, ante, p. 532, held §§ 1 and 2 of chapter 121 of the Laws of 1871 unconstitutional; that the conviction of burglary therefor falls, because there is no valid law to support it; that the jury, by finding the value of the property at $6, have rendered a verdict of guilty of petit larceny only, and that under such a verdict the defendant could not be punished by confinement in the penitentiary. But the verdict finds the defendant guilty of larceny as charged in the information, and the larceny charged in the information is larceny in a freight-car. A fair interpretation of the verdict is that the larceny was committed in a car, and that the value of the property there stolen was $6. This alone might subject the defendant under the statute to a sentence for seven years. That imposed by the court, being but for five years, is within the limit authorized by law for the larceny. In this proceeding we cannot consider any mere question of error in the manner of rendering judgment. The sole question is whether the court had the power to render the judgment it did on the verdict, and this question must be answered against the petitioner. His application for a discharge will be denied.

All the Justices concurring.