No. 27,746.

THE STATE OF KANSAS, *Appellant*, v. CHESTER LEE JONES, *Appellee*.

(264 Pac. 40.)

SYLLABUS BY THE COURT.

1. AFFIDAVIT—*Jurat*—*Necessity and Sufficiency*. In a prosecution for child desertion, the complaint considered, and held not to be void because it omitted the words, "So help me God," where it appeared to have been sworn to before a proper officer.

2. CRIMINAL LAW — *Complaint* — *Waiver of Irregularities*. One charged with child desertion, who had been arrested, had waived a preliminary hearing, and was bound over to the district court, and against whom an information in due form has been filed, is held to have waived any irregularity in the complaint.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed February 11, 1928. Reversed.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-general, and *Tom Kennett*, county attorney, for the appellant.

*Leon W. Lundblade*, of Concordia, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The question presented here is whether a complaint charging child desertion was properly verified. The state was defeated, and appeals.

The defendant was arrested on a charge of deserting his child, waived a preliminary hearing and was bound over to the district court. An information was filed in the language of the statute, verified by the county attorney on information and belief. A motion to quash was sustained on the ground that the complaint on which the warrant had been issued was not properly verified.

Without setting out the complaint in full, it is sufficient to say that it contained the venue, then the statement, "Margaret Jones, being sworn, says"; then the body of the complaint, followed by the affiant's signature, which was followed by the words, "Subscribed and sworn to before me this 15th day of March, 1927," and signed "Morgan J. Wallace, justice of the peace." The trial court was of opinion that it was necessary for the verification to be written out

Affidavits, 2 C. J. pp. 359 n. 51, 362 n. 76; 1 A. L. R. 1571; 1 R. C. L. 769. Criminal Law, 16 C. J. pp. 291 n. 35, 296 n. 5 new.

in full, beginning "I do solemnly swear" and ending "So help me God," and having then been signed by the prosecuting witness, should have the statement of the justice, "Subscribed and sworn to before me," etc.

The statute provides that a justice of the peace may administer an oath (R. S. 54-101); how it is to be administered (R. S. 54-102); and prescribes the beginning and conclusion, which are, "You do solemnly swear. . . . . So help you God." (R. S. 54-104.) As was said in *City of Kingman v. Berry,* 40 Kan. 625, 628, 20 Pac. 527, "the important consideration is whether the complaint was actually sworn to before a proper officer." There is no question here but that it was.

"The generally accepted doctrine seems to be that the jurat is not such a part of the affidavit proper that its omission will render the affidavit a nullity. . . . And that it may be shown by extrinsic evidence that the affidavit was in fact sworn to at the proper time and before the proper officer." (2 C. J. 359, 360.)

In *Buckland v. Goit,* 23 Kan. 327, it was held that the entire omission of a jurat did not render an affidavit void.

"These rulings necessarily imply that the certificate of the officer under his signature and seal is merely evidence that the affidavit was duly sworn to, and in *Foreman v. Carter,* 9 Kan. 674, 682, it was said that a challenge of a jurat is not an attack upon what was done but an objection that the proof of what was done is defective. If, therefore, the jurat be missing from an affidavit, if there be no proof on the face of the paper that an oath was duly administered, the fact may be established by evidence *aliunde.*" (*James v. Logan,* 82 Kan. 285, 288, 108 Pac. 81.)

There is considerable diversity among the courts as to the effect of the omission of the jurat. The cases are assembled in a note in 1 A. L. R. 1568, and in 2 C. J. 361. The better rule in our opinion is to hold that the complaint was not void because of the claimed irregularity. It could have been amended or evidence could have been introduced *aliunde* to show that the oath was actually administered. Then, also, the defendant had been arrested on a proper warrant, had waived his preliminary hearing and was before the court charged in a sufficient information. The irregularity in the complaint was waived.

The judgment is reversed, and the cause remanded for further proceedings.