No. 44,934

The State of Kansas, *Appellee,* v. Howard Shaw, *Appellant.*

(440 P. 2d 570)

Opinion filed May 11, 1968.

*Robert M. Brown,* of Topeka, argued the cause and was on the brief for the appellant.

*Robert D. Hecht,* County Attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: The defendant, Howard Shaw, has appealed from a sentence imposed against him after he had entered a plea of guilty to a charge of first-degree robbery. Before sentence was pronounced the state served written notice of its intention to invoke the provisions of the Habitual Criminal Act against the defendant, and accordingly he was sentenced as a second offender for a term of not less than twenty nor more than forty-two years.

Both at the time of entering his plea of guilty and at the time sentence was pronounced, the defendant was represented by individually retained counsel. After the present notice of appeal was filed, the court appointed Mr. Robert M. Brown, of Topeka, to serve as appellate counsel.

Two specifications of error are asserted. It is first argued that sentence under the Habitual Criminal Act, (K. S. A. 21-107a), deprived the defendant of due process of law under the federal Fourteenth Amendment in that the Act unlawfully delegates to the

county attorney the power to determine whether or not the Act is to be invoked.

We need devote little time to this contention. The question has been explored in depth by this court many times, our latest expression being contained in *State v. Eaton*, 199 Kan. 610, 433 P. 2d 347. No more concise summation of our views touching the constitutional issue can be found than in the language used in *Gladen v. State*, 196 Kan. 586, 413 P. 2d 124, where we held:

"The exercise of discretion by a county attorney in seeking to invoke the provisions of the habitual criminal act (K. S. A. 21-107a) without a showing of discrimination by reason of willful, arbitrary, designed, deliberate, intentional or concerted action, does not deprive one of due process or equal protection of the law guaranteed by the fourteenth amendment to the United States Constitution in a case where an enhanced penalty was imposed under the act." (Syl. ¶ 2.)

Those who wish to plumb this fertile field in fuller fashion may find more food for thought in *Addington v. State*, 198 Kan. 228, 424 P. 2d 871; *State v. Coutcher*, 198 Kan. 282, 424 P. 2d 865, and authorities cited therein.

No claim has been advanced that the county attorney acted arbitrarily or capriciously in seeking an enhanced penalty against this defendant. Nor is any pattern of discrimination between convicted felons alleged on his part. In rejecting a claim that a West Virginia recidivist statute violated the Fourteenth Amendment, the U. S. Supreme Court, in *Oyler v. Boles*, 368 U. S. 448, 7 L. Ed. 2d 446, 82 S. Ct. 501, pointed out there was no allegation of a deliberate policy of discrimination between specific classes of offenders. The court went on to say:

"Moreover, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification. Therefore grounds supporting a finding of a denial of equal protection were not alleged. (Citing cases.)" (p. 456.)

The second specification of error attacks the Habitual Criminal Act on this ground: That on a second conviction of felony it is mandatory that the sentence be double that provided for a first offense, whereas for a third conviction the court may, in its discretion, impose any sentence of years not less than fifteen. In applying his argument to the facts of this case, the defendant points out that he was sentenced to a term of from twenty to forty-two years, which is double the ten to twenty-one year sentence provided by statute

for first-degree robbery (K. S. A. 21-530), whereas had he been a third offender the court *might* have imposed a flat sentence of fifteen years, the minimum sentence possible under the Act for a third time offender. Accordingly, the defendant argues he was denied due process of law and equal protection of the laws.

The precise point has never been raised in this court before, nor does the defendant direct our attention to any decisions which would tend to support his position. In the absence of authority, we are constrained to consider his argument as being without merit even though we may acknowledge it to be ingenious.

Overlooked by the defendant is the fact that a sentence imposed against a third time offender cannot be for a period of *less* than fifteen years. Actually, a third time felon may be sentenced for the rest of his natural life (*State v. Liebeno,* 163 Kan. 421, 183 P. 2d 419) and such a sentence is not infrequently pronounced against criminals with three felony convictions to their credit. The defendant has no cause to assume that if he had possessed two prior felony convictions instead of only one, he would have been sentenced to a flat fifteen years or would have been dealt with any more leniently than he was treated here.

In any event we consider it a legislative function to fix and prescribe the penalties for violating the criminal statutes of this state, and not the concern of the courts. This principle was recognized by this court in *In re MacLean,* 147 Kan. 678, 78 P. 2d 855, where we said:

". . . The rule is well settled that the power to define crimes and to prescribe punishment for their violation is the function of the legislature . . ." (p. 681.)

The legislature has spoken in the case of the habitual criminal and we may not presume to interfere with its prerogative absent some clear infirmity which renders the sentence void. In the present case we perceive nothing about the sentence imposed by the trial court which may be said to violate any of the defendant's rights, constitutional or otherwise. This is true despite the discretion granted a trial court in sentencing a third time loser, but withheld where a second offender is concerned.

No error has been made to appear and the judgment of the court below is affirmed.