No. 46,046

LEONARD EUNICE BRUFFETT, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(472 P. 2d 206)

Opinion filed July 17, 1970.

*Joseph Anderson,* of Cox, Anderson and Covell, of Mission, argued the cause and was on the brief for the appellant.

*Hugh Kreamer,* Assistant County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment denying relief in a proceeding under K. S. A. 60-1507.

The pertinent facts will be stated as we consider the various issues to which they apply.

The appellant was convicted of forgery in 1965, and was sentenced to at least 40 years under the provisions of the habitual criminal act (K. S. A. 21-107a).

On December 1, 1967, appellant filed a motion to vacate the judgment pursuant to K. S. A. 60-1507. Upon being denied relief as requested he appealed to this court.

The appellant first contends that the trial court erred in assuming jurisdiction of the prosecution after he was extradited from the state of Washington.

On March 25, 1965, the state of Kansas filed a complaint charging appellant with having committed burglary and larceny on March 22, 1965. The appellant was found in the state of Washington and extradition proceedings were commenced which resulted in his return to the state of Kansas to face trial. Upon his return, the complaint was amended before the preliminary hearing by adding an additional charge of uttering a forged instrument and changing the date of the offenses from March 22, 1965, to March 19, 1965.

The jury found the appellant not guilty on the burglary charge but did find him guilty of uttering a forged instrument.

The appellant states his contention on this issue as follows:

"While it may be permissable for the State to charge a defendant with a crime other than the one for which he was extradited, appellant contends that the State cannot later change the date of the crime for which he was extradited without destroying the validity of the extradition and the jurisdiction of the court before which he is brought."

The appellant makes no further argument and cites no authorities.

It might be suggested that at no place in proceedings did appellant make any objection to the amended complaint. Irregularities in a complaint may be waived by failure to object. (*State v. Jones,* 125 Kan. 147, 264 Pac. 40.) In *State v. Stoffel,* 48 Kan. 364, 29 Pac. 685, we held:

"The preliminary complaint made before a magistrate to obtain a warrant has served its purpose when the arrest of the defendant has been accomplished. An objection to the sufficiency of the allegations of the complaint, made after a preliminary examination has been had upon the charge stated in the warrant, is unavailing." (Syl. ¶ 1.)

Moreover, the original complaint stated *on or about* March 22, 1965. Before the preliminary hearing the complaint was amended to state *on or about* March 19, 1965. Both dates were *on or about* the same time. There is no contention that the appellant was hampered in the preparation and presentation of his defense. The exact time of an offense need not be stated. It is sufficient if shown to be within the statute of limitations. (*State v. Thomas,* 177 Kan. 230, 277 P. 2d 577.)

It might also be noted that the jurisdiction of the district court to try a person for a criminal offense does not depend upon how he came to be in the state. In *In re Flack,* 88 Kan. 616, 120 Pac. 541, we held:

"A person charged in any state with treason, felony, or other crime, who shall flee from justice and be found in another state, and who, on the demand

of the executive authority of the state from which he fled, shall be delivered up and removed to the state having jurisdiction of the crime, may there be prosecuted for crimes other than the one specified in the demand for his delivery without first giving him a reasonable opportunity to return to the state which surrendered him." (Syl.) (See, also, *State v. Wellman,* 102 Kan. 503, 170 Pac. 1052; *Stebens v. Hand,* 182 Kan. 304, 320 P. 2d 790.)

The appellant contends that the trial court denied him due process in deferring sentencing to permit the state time to secure evidence for the purpose of invoking the habitual criminal act.

We are presented the following facts:

The appellant was brought before the trial court following his conviction by a jury. The appellant stated that he did not wish to file a motion for a new trial and desired to be sentenced immediately. Counsel for the appellee then stated that he desired to get evidence of previous convictions and asked the court to defer sentencing for at least a week. The trial court then gave the appellant twelve days, September 27, 1966, in which to file a motion for a new trial. A motion for a new trial was filed, argued on September 27, 1966, and denied.

The appellee then requested an additional day to obtain evidence of previous convictions. This was granted. The appellee produced its evidence of prior convictions on September 28, 1966. Sentencing took place on September 29, 1966.

We do not see how the rights of appellant were in any way prejudiced and he discloses none.

Appellant calls our attention to K. S. A. 62-1722 which provides:

"In any criminal action in which defendant pleads guilty, or is found guilty by a jury, or by the court if the trial is to the court, if defendant is not then in custody of the sheriff, he shall be taken into custody at once; and unless he announces that he desires to file a motion for a new trial, he shall be sentenced either on that date or at a fixed time within ten days."

This provision applies only when a motion for a new trial is not filed. Although appellant suggested the waiver of a motion for a new trial, he was granted twelve days in which to file such a motion and did so file. The statute therefore has no application.

The one delay in sentencing after the motion for a new trial was overruled presents no ground for complaint. K. S. A. 62-1723 provides in part:

". . . If the motion for a new trial is overruled, sentence shall be imposed within five days. . . ."

It may also be noted that we have held such provision to be direc-

tory and not mandatory. (*State v. Nelson*, 200 Kan. 411, 436 P. 2d 885, cert. den. 392 U. S. 915, 20 L. Ed. 2d 1375, 88 S. Ct. 2078.)

The appellant contends that he was denied due process of law because of the prosecuting attorney's abuse of discretion in invoking the habitual criminal act.

The record discloses nothing and appellant points out nothing to indicate abuse of discretion other than the fact that evidence was produced to establish a previous criminal conviction as provided by the habitual criminal act. In *Addington v. State*, 198 Kan. 228, 424 P. 2d 871, it was held:

"In this jurisdiction, it is the duty of the county attorney to conduct criminal prosecutions on behalf of the state, and all steps in the trial are likewise under his supervision and control, including the exercise of discretion to invoke the Habitual Criminal Act in a proper case, upon reasonable notice of the state's intention to do so.

"The good faith of the county attorney is a material issue bearing upon his motives when invoking the Habitual Criminal Act, since the exercise of discretion in the performance of his duties implies conscientious judgment rather than arbitrary action, and takes account of the law and particular circumstances of each case. Such discretion must be exercised fairly, wisely, and in accordance with the established principles of law; and includes the right to select a course of action, not willfully or in bad faith, but only with respect to what is right under the circumstances." (Syl. ¶¶ 3 and 4. See, also, *State v. Shaw*, 201 Kan. 248, 440 P. 2d 570.)

We find no trial errors which would justify the granting of a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.