No. 46,363

Donald Eugene Cipolla, *Appellant,* v. State of Kansas, *Appellee.*

(486 P. 2d 1391)

Opinion filed July 16, 1971.

*John Anderson, Jr.,* of Overland Park, argued the cause and was on the brief for the appellant.

*James A. Wheeler,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: Donald Eugene Cipolla, also known as Donald Eugene Cippola, was convicted and sentenced as an habitual criminal for grand larceny of phonograph records from the Parkview G. E. M. Drugstore in the Mission Shopping Center, Johnson County, Kansas. The conviction was affirmed by this court on direct appeal in *State v. Cippola,* 202 Kan. 624, 451 P. 2d 199, cert. den. 396 U. S. 967, 24 L. Ed. 2d 432, 90 S. Ct. 446.

The present appeal arises from proceedings initiated by Cipolla pursuant to K. S. A. 60-1507. A plenary hearing was conducted on petitioner's motion. Petitioner was returned to the sentencing court and he testified at length concerning the errors complained of in this appeal. Based upon petitioner's testimony and other evidence, the trial court made findings of fact and conclusions of law adverse to the petitioner. The court found the petitioner was entitled to no

relief. The petitioner was represented by court appointed counsel at this hearing.

Petitioner's first point of error is that his retained attorneys at the trial and on the direct appeal were incompetent, ineffective and inadequate, and that as a consequence he was denied the effective assistance of counsel. It would serve no useful purpose to detail these charges. They relate to lack of success in obtaining an acquittal. His attorneys were retained and of his own choosing. No complaint was made by him until after the trial was completed and his conviction was affirmed on appeal.

Effective assistance of counsel cannot be equated to assistance of counsel which is considered successful by a defendant. (*Johnson v. State,* 203 Kan. 947, 457 P. 2d 181.) The burden of showing denial of effective assistance of counsel to the extent necessary to overcome the presumption of regularity of a conviction is upon the appellant. (*State v. Brown,* 204 Kan. 430, Syl. ¶ 3, 464 P. 2d 161.) The adequacy of an attorney's services on behalf of an accused must be gauged by the totality of his representation, not by fragmentary segments analyzed in isolated cells. (*State v. Brown,* supra.) Bald statements of one convicted of crime that he was inadequately represented by counsel do not raise a substantial issue of fact and will not support a finding to that effect. (*Davis v. State,* 197 Kan. 576, 419 P. 2d 832; *Shores v. State,* 195 Kan. 705, 408 P. 2d 608.)

We find no merit to petitioner's first point of error.

Petitioner's second point of error attacks the validity of the prior felony convictions used to enhance his sentence under the Habitual Criminal Act. At the plenary hearing petitioner testified he was not concerned with the correct spelling of his last name (Cippola during his trial and Cipolla in these 1507 proceedings). He acknowledged that Exhibits 11, 12 and 15 were records of his prior felony convictions. This second point was raised and disposed of in his direct appeal. (*State v. Cippola,* supra.) The post-conviction remedy (K. S. A. 60-1507) cannot be used as a second appeal to re-examine questions raised and determined adversely to the defendant in a direct appeal. (*Hacker v. State,* 207 Kan. 195, 483 P. 2d 484.)

The third and final point raised by petitioner relates to the severity of the sentence (from 40 to 60 years). It is contended that such a sentence, although permitted by K. S. A. 21-534 as enhanced by K. S. A. 21-107a, is unconstitutionally severe and constitutes cruel and unusual punishment.

The nature of this complaint, phrased in petitioner's own words, is as follows:

". . . Now, I would agree with Mr. Wheeler in that I am not an ice cream and candy store type of individual. I am not a totally innocuous person. I have been in the institution before. I have been in prison but I cannot conceive of one getting that much time for a crime such as this. . . .

. . . . . . . . . . . . . . .

". . . I have been incarcerated in one orphan's home and a couple of institutions ending in excess of 16 years. I am 37 years of age. That is too much time."

The Bill of Rights of the Constitution of the State of Kansas § 9 contains a prohibition against inflicting cruel and unusual punishment. In our earlier cases cruel and unusual punishment was generally considered to relate to the kind of punishment to be inflicted and not to its duration. (*State v. White*, 44 Kan. 514, 25 Pac. 33; *In re Tutt, Petitioner*, 55 Kan. 705, 41 Pac. 957.)

In *State v. Coutcher*, 198 Kan. 282, 424 P. 2d 865, it was said:

"While the prohibition of the Eighth Amendment to the United States Constitution has generally been considered to be directed against physical cruelty and torture, there is authority to the effect that it also may be invoked against excessively and disproportionately long prison sentences." (p. 287.)

It has long been settled that habitual criminal statutes themselves do not inflict cruel and unusual punishment by providing for increased terms of imprisonment for defendants previously convicted of crime. (*McDonald v. Massachusetts*, (1901) 180 U. S. 311, 45 L. Ed. 542, 21 S. Ct. 389; see also Anno. 33 A. L. R. 3d 335.)

Petitioner's claim is not based upon the kind of punishment to be inflicted. It is based upon the length thereof. We need not iterate what has been said in our cases which have applied the enhanced penalty. (See *Gladen v. State*, 196 Kan. 586, 413 P. 2d 124; *State v. Shaw*, 201 Kan. 248, 440 P. 2d 570; *Scoggins v. State*, 203 Kan. 489, 454 P. 2d 550.)

It is the function of the legislature to fix and prescribe the maximum penalties. See *State v. Shaw*, supra. In the present case the court under K. S. A. 21-107a was authorized by the legislature to impose a penalty of life imprisonment. The court chose not to do so and a lesser penalty was imposed within the permissible range (15 years to a maximum of life).

A penalty similar to the present one has been imposed and upheld. See *State v. Sanders*, 202 Kan. 551, 451 P. 2d 148.

The severity of punishment, if within the statutory limits set by

the legislature, is within the discretionary power of the trial court. The petitioner is an habitual criminal with a long history of criminal acts. Upon the record here presented, it cannot be said the trial court imposed a sentence so disproportionate to the offense and to petitioner's past history of crime as to constitute cruel and unusual punishment.

The judgment of the district court is affirmed.