No. 47,327

EARNEST TILLMAN, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(524 P. 2d 772)

Opinion filed July 17, 1974.

*Robert E. Jenkins*, of Kansas City, argued the cause and was on the brief for the appellant.

*John J. Bukaty, Jr.*, assistant district attorney, argued the cause, and *Vern Miller*, attorney general, and *Nick A. Tomasic*, district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This action is brought by the movant, Earnest Tillman, pursuant to the provisions of K. S. A. 60-1507. Mr. Tillman and an accomplice by the name of Willis P. Tyus were each convicted of aggragated robbery and each was given an enhanced sentence of not less than thirty years nor more than life, pursuant to the provisions of the Habitual Criminal Statute, K. S. A. 1973 Supp. 21-4504. On appeal to this court the judgment as to each was affirmed. (*State v. Tillman*, 208 Kan. 954, 494 P. 2d 1178.) The present action attacks only the judgment against Mr. Tillman.

The facts pertaining to the robbery are not important to this appeal and will not be repeated here. However, a detailed account of the facts is available, should a curious reader be interested, in the written opinion filed in the direct appeal. (*State v. Tillman*, supra.)

The three points raised by the movant in this collateral attack upon his conviction and resulting sentence are summarized:

1. The remarks of the prosecuting attorney on final argument

were improper and prejudicial, and denied movant his constitutional right to a fair trial.

2. The relationship between the prosecutor, the victim of the crime, and the jailer, as well as threats made by the jailer to the movant, denied him his constitutional right to a fair trial.

3. K. S. A. 1973 Supp. 21-4504 violates the due process and equal protection clauses of the United States Constitution. (Although he cites no authority.)

None of these points were raised by Mr. Tillman in his direct appeal. Supreme Court Rule 121 (c) (3), 211 Kan. xliv, provides:

"[A] proceeding under section 60-1507 cannot ordinarily be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors are to be corrected by direct appeal, but trial errors affecting consitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal."

We have difficulty in accepting the movant's assertion that the matters concerning which he complains in his first and second points are of constitutional proportions so far as denying him a fair trial is concerned. But even were it to be conceded that a constitutional issue inheres in the first two points, no exceptional circumstances have been alleged or shown excusing Mr. Tillman from including those matters in his direct appeal.

The same may be said so far as Tillman's third point is concerned. The provisions of K. S. A. 1973 Supp. 21-4504, the present Habitual Criminal Statute, were just as available to him at the time of his direct appeal as they were when he initiated the present action. Mr. Tillman makes no attempt to explain why he could not have presented the issue of the statute's constitutionality in his direct appeal had he chosen to do so; he points out no exceptional circumstances preventing him from raising the constitutional issue. Despite the absence of any explanation on Tillman's part, we are nonetheless constrained to add that this court has held on several occasions that the former Habitual Criminal Act, K. S. A. 21-107a, did not offend constitutional mandates. (*Gladen v. State,* 196 Kan. 586, 413 P. 2d 124; *State v. McCarty,* 199 Kan. 116, 122, 427 P. 2d 616; *State v. Shaw,* 201 Kan. 248, 249, 440 P. 2d 570; *Scoggins v. State,* 203 Kan. 489, 491, 454 P. 2d 550; *State v. Coutcher,* 198 Kan. 282, 286, 287, 424 P. 2d 865; *State v. Eaton,* 199 Kan. 610, 611, 433 P. 2d 347; *State v. Troy,* 215 Kan. 369, 524 P. 2d 1121.)

Rule 121 (*c*) (3) is not an example of hasty, ill conceived or arbitrary rule making on our part, for it serves a very legitimate and useful judicial purpose. Piecemeal appeals, against which the rule is directed, interfere with the orderly and expeditious flow of litigation, leading to congestion, delay and increased cost of litigation. Multiple lawsuits arising out of the same act or set of circumstances can only add to already crowded dockets which today cause so much public concern and which contribute, in our opinion, to inefficient employment of judicial manpower. At some point in a case litigation must end if the judicial system is to function smoothly, effectively and expeditiously. Rule 121 was fashioned with the expectation, perhaps overly optimistic, that all the controversial eggs pertaining to a single lawsuit should be placed in one appellate basket, except in exceptional circumstances. It is in this frame of reference that we invoke the provisions of the rule.

The judgment of the court below is affirmed.