No. 48,362

Lloyd Wayne Estes, *Appellant*, v. State of Kansas, *Appellee.*

(559 P. 2d 392)

Opinion filed January 22, 1977.

*Harry E. Warren*, of Lawrence, argued the cause, and was on the brief for the appellant.

*Michael J. Malone*, assistant county attorney, argued the cause, and *Curt T. Schneider*, attorney general, *David Berkowitz*, county attorney, and *Rose M. Stewart*, legal intern, were on the brief for the appellee.

*Per Curiam:* This is an appeal from a judgment of the district court of Douglas County summarily refusing to grant relief on a motion filed pursuant to K. S. A. 60-1507, wherein Lloyd Wayne Estes, petitioner-appellant, seeks to vacate his sentence on conviction of aggravated robbery. (K. S. A. 1972 Supp. 21-3427.)

The facts surrounding this case are fully reported in *State v. Estes*, 216 Kan. 382, 532 P. 2d 1283, a direct appeal to this court in which the conviction was upheld. The legal issues considered in the direct appeal are not raised here.

Basically the petitioner argues the trial court erred in admitting into evidence, over his objection, the record of his conviction for armed robbery twelve years earlier.

The petitioner's contention involves a trial error which should be corrected by direct appeal. (K. S. A. 60-2702a, Supreme Court Rule No. 183 [c] [3], formerly K. S. A. 1975 Supp. 60-2702, Supreme Court Rule No. 121 [c] [3]; *Melton v. State*, 220 Kan. 516, 552 P. 2d 969; *Tillman v. State*, 215 Kan. 365, 524 P. 2d 772; and *Dunlap v. State*, 212 Kan. 822, 512 P. 2d 484.) But trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal. (K. S. A. 60-2702a, Supreme Court Rule No. 183 [c] [3]; *Melton v. State*, supra; and *Tillman v. State*, supra.)

Specifically the petitioner contends (a) the introduction into evidence of the twelve-year-old conviction was trial error affecting his constitutional right to a fair trial and due process of law; and (b) an intervening change in the law took place between the time

his appeal from his conviction had been perfected and the papers filed in this court, by the decision of this court in *State v. Bly*, 215 Kan. 168, 523 P. 2d 397. He asserts this constitutes "exceptional circumstances" and thereby excused his failure to raise the issue in his direct appeal.

We first examine petitioner's "trial error affecting constitutional rights" argument. The trial court's jury instruction said: "This evidence may be considered solely for the purpose of proving the defendant's motive, intent, or absence of mistake." If this was erroneous, it hardly affects constitutional rights in view of the strong identification presented in *State v. Estes*, supra. *State v. Bly*, supra, upon which the petitioner places primary reliance, held the erroneous admission of evidence was harmless error. (See also *State v. Farris*, 218 Kan. 136, 542 P. 2d 725; *State v. Fennell*, 218 Kan. 170, 542 P. 2d 686; and *State v. Bradford*, 219 Kan. 336, 548 P. 2d 812.)

We next examine petitioner's "exceptional circumstances" argument. Petitioner argues our opinion in *State v. Bly*, supra, changed our law. The *Bly* opinion was filed June 15, 1974. The petitioner filed the statement of points on his direct appeal April 1, 1974. This court heard oral arguments on petitioner's direct appeal on January 21, 1975. If petitioner considered *Bly* a significant change in the law he had ample time to argue the point on his direct appeal but did not do so. (See Supreme Court Rule No. 6 [*d*], 214 Kan. xxiii.)

Furthermore, the *Bly* opinion did not formulate new law but rather summarized certain basic principles established by previous decisions interpreting K. S. A. 60-455. (*State v. Donnelson*, 219 Kan. 772, 776, 549 P. 2d 964; compare *Barnes v. State*, 204 Kan. 344, 461 P. 2d 782.) *Bly* recognized the principles pronounced by earlier decisions that K. S. A. 60-455 is to be strictly enforced, and that relevancy is not the only test to be applied in determining whether or not evidence of other crimes has probative value. *Bly* further quoted previous cases dealing with remoteness in time of a prior conviction and the quality of sameness as criteria to prove identity, all of which was relevant to the petitioner's position, but none of which was new law.

Thus no "trial errors affecting constitutional rights" or "exceptional circumstances excusing the failure to appeal" exist.

The petitioner further contends the trial court erred in not

appointing counsel to represent him for a hearing on his 1507 motion. The trial court found the 1507 motion did not present substantial questions of law or triable issues of fact. This finding is within the discretion of the trial court and no error is present. (K. S. A. 60-2702a, Supreme Court Rule No. 183 [f] and [i]; *Van Bebber v. State*, 220 Kan. 3, 551 P. 2d 878; and *Rhone v. State*, 211 Kan. 206, 505 P. 2d 673.) Furthermore, the trial court indicated the 1507 motion and an accompanying memorandum were prepared and filed for the petitioner by Hugh R. McCullough, staff attorney for Legal Services for Prisoners.

The judgment of the lower court is affirmed.