NOT DESIGNATED FOR PUBLICATION

No. 115,782

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NICHOLAS DEAN SPEER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Wilson District Court; DAVID WILLIAM ROGERS, judge. Opinion filed June 9, 2017. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Jill E. Chard*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., ATCHESON, J., and FAIRCHILD, S.J.


*Per Curiam*:  Nicholas Dean Speer appeals from the district court's summary dismissal of his K.S.A. 60-1507 motion. In February 2010, Speer pled no contest to the manufacture of a controlled substance. Granting the parties' joint motion for a downward durational departure, the district court sentenced Speer to 89 months in prison. Several years after his sentencing, Speer filed a pro se K.S.A. 60-1507 motion. The State moved to dismiss the motion as untimely. In response, Speer conceded that his motion was untimely but asserted that an extension of the statutory 1-year time limitation was necessary to prevent manifest injustice. Without a hearing, the district court dismissed

Speer's motion, finding that Speer failed to establish manifest injustice to extend the time limitation. Finding no reversible error on the part of the district court, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On September 28, 2009, Speer was voluntarily admitted to Osawatomie State Hospital for inpatient mental health treatment. According to his discharge summary, Speer had a long history of mental illness and entered treatment with depression and suicidal ideation. The treating physician diagnosed Speer with mood disorder and alcohol, cannabinoid, and amphetamine dependence. During his hospitalization, the treating physician prescribed Speer several antidepressant and antianxiety medications.

On October 5, 2009, before his discharge from Osawatomie State Hospital, the State charged Speer with the manufacture of methamphetamine, possession of methamphetamine, possession of drug paraphernalia, and obstructing legal process or official duty. The record on appeal does not indicate that a probable cause affidavit was attached to the original complaint. The district court appointed defense counsel to represent Speer in his criminal case.

At the time of Speer's discharge from the hospital on October 9, 2009, Speer demonstrated general improvement in treating his depression and anxiety and was calm, cooperative, alert, and oriented. Speer was released to the Wilson County Correctional Facility.

On October 18, 2009, during his incarceration, Speer requested immediate medical treatment. In the request, Speer stated that he could not stop shaking, had a severe panic attack, and could not calm down and sleep. At an appointment on October 26, 2009, Speer complained of anxiety and "nerves." The treating physician assessed Speer as having anxiety and depression and increased his anti-anxiety medication. The next day,

2

Speer was evaluated at the Four County Medical Health Center. At that evaluation, Speer presented with anxiety and mood related symptoms.

Speer was later readmitted to Osawatomie State Hospital for emergency psychiatric care based on an ex parte emergency order by the Wilson County District Court. During this hospitalization, Speer demonstrated suicidal ideations and was very upset, angry, threatening, yelling, and screaming. Speer was discharged on November 4, 2009, and transferred back to jail with instructions that he continue taking several antidepression, antianxiety, and sleep medications.

Speer returned to Osawatomie State Hospital on December 18, 2009, for further psychiatric treatment. Speer had cut himself with a razor and reported having auditory hallucinations. Speer also reported that he heard voices in his head telling him to sacrifice himself to God. At that time, the treating physician diagnosed Speer with adjustment disorder with mixed disturbance of emotions and conduct, bipolar disorder with episodes of severe psychotic features, and personality disorder. Speer was discharged on December 25, 2009.

At a hearing on January 28, 2010, Speer waived a preliminary hearing of the complaint. The district court asked Speer whether he understood the meaning of his waiver. Speer responded in the affirmative, stating that he understood and accepted the waiver.

On February 5, 2010, the State amended the complaint, charging Speer with the manufacture of a controlled substance, possession of methamphetamine, and obstructing legal process or official duty. The parties ultimately entered into a plea agreement in which Speer agreed to plead no contest to the manufacture of a controlled substance in exchange for the State's agreement to dismiss the remaining charges and a joint recommendation for a downward durational departure to an 89-month prison sentence.

3

That same day, the district court held a plea hearing at which the parties first briefly recapitulated the terms of the plea agreement. The district court then conducted a plea colloquy. Among other inquiries, the district court asked Speer whether he was satisfied with the representation provided to him. Speer responded: "Yes, absolutely." Speer also stated that he had never had any sort of mental or emotional difficulties or treatment which would negatively affect his ability to understand his plea and that he had discussed the plea agreement with his defense attorney and understood it. Based on Speer's responses, the district court found that Speer was capable of making a knowing and intelligent decision regarding his rights, accepted his plea, and found him guilty of manufacturing a controlled substance.

On March 8, 2010, Speer completed a mental health screening through the Kansas Department of Corrections. At that screening, Speer reported anxiety, tremors, and bipolar disorder. Speer did not report suicidal ideations, and the screener did not observe depression, anxiety, or bizarre behavior. At the time, Speer was taking several antidepressant and antianxiety medications. Speer reported that he had never tried to kill himself, been depressed, or experienced hallucinations.

At his sentencing on April 2, 2010, the district court granted the parties' joint motion for a downward durational departure and, as recommended, sentenced Speer to 89 months in prison. Speer did not directly appeal his conviction or sentence.

In a typewritten letter filed September 6, 2013, Speer requested a copy of the affidavit of probable cause from the Wilson County District Court. Speer requested that the district court respond "A.S.A.P.," stating that he needed the affidavit for an appeal. On that same day, the Wilson County Deputy Clerk responded to Speer's letter and informed him that "[t]here [was] not a document like that in the case." The Deputy Clerk instructed Speer to contact the county attorney or arresting law enforcement agency.

4

On October 21, 2013, Speer moved pro se for the release of the affidavit of probable cause. In the motion, Speer asserted that he needed the affidavit to pursue appellate action. The district court addressed Speer's pro se motion at a hearing on December 6, 2013, and ordered the State to produce the probable cause affidavit if it existed. In a letter dated December 6, 2013, the county attorney advised Speer that she was unable to locate a probable cause affidavit but would continue to look for it.

On January 6, 2014, Speer filed a pro se K.S.A. 60-1507 motion. In the motion, Speer claimed that he was being held in custody unlawfully because (1) the State never filed a probable cause affidavit in his criminal proceedings and (2) his defense counsel provided ineffective assistance by providing false information concerning the appeal process and by failing to file a notice of appeal within 10 days of his conviction.

One day later, the district court informed Speer by letter that the county attorney had located the probable cause affidavit. The district court further advised Speer that it had instructed the county attorney to file the original probable cause affidavit with the court and that the State had not previously filed the original affidavit with the court.

The district court subsequently appointed counsel to represent Speer in the K.S.A. 60-1507 proceedings. At a status hearing on April 16, 2014, the district court allowed Speer's court-appointed counsel additional time to file an amended motion.

Speer's court-appointed counsel filed an amended motion on January 7, 2015. In the motion, Speer contended his defense counsel had provided ineffective assistance by failing to have his competency evaluated. Speer also alleged that (1) he did not freely and voluntarily enter his plea as a result of his incompetency, (2) he was receiving treatment and taking nine prescription medications leading up to his arraignment, and (3) some of the medications affected his mood and hindered him from remaining clear-headed. Additionally, Speer asserted his defense counsel provided ineffective assistance by

failing to challenge the absence of a probable cause affidavit supporting the arrest warrant.

On February 27, 2015, the State moved to dismiss Speer's K.S.A. 60-1507 motion on the basis that it was untimely. Alternatively, the State requested that the district court order Speer to provide additional allegations regarding whether the court should extend the 1-year time limitation to prevent manifest injustice. After a nonevidentiary hearing, the district court ordered Speer to brief the issue of manifest injustice.

Nearly 1 year later, on February 19, 2016, Speer filed a memorandum in support of his K.S.A. 60-1507 motion. In the memorandum, Speer conceded his K.S.A. 60-1507 motion was untimely but contended that an extension of the 1-year time limitation was necessary to prevent manifest injustice. In particular, Speer asserted that his defense counsel provided ineffective assistance by failing to challenge the absence of the probable cause affidavit and by failing to request a competency determination.

The district court summarily dismissed Speer's K.S.A. 60-1507 motion, concluding it was untimely and that Speer had failed to demonstrate manifest injustice to extend the 1-year time limitation. Acknowledging there was no specific motion filed to withdraw Speer's plea, the district court also analyzed whether Speer's motion was timely as a motion to withdraw a plea. The district court concluded that Speer had failed to show excusable neglect in filing his motion to withdraw a plea beyond the 1-year time limitation.

Speer timely appeals.

## DID THE DISTRICT COURT ERR IN DISMISSING SPEER'S K.S.A. 60-1507 MOTION AS UNTIMELY WITHOUT HOLDING AN EVIDENTIARY HEARING?

Speer first argues that the district court erred in dismissing his K.S.A. 60-1507 motion as untimely without holding an evidentiary hearing.

When examining a defendant's K.S.A. 60-1507 motion, a district court has three procedural options:

> "(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing." *Fischer v. State*, 296 Kan. 808, 822-23, 295 P.3d 560 (2013).

The appropriate standard of appellate review depends on which of those options a district court utilized. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Here, the district court dismissed Speer's K.S.A. 60-1507 motion without holding an evidentiary hearing. When a district court summarily dismisses a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Trotter v. State*, 288 Kan. 112, 131-32, 200 P.3d 1236 (2009).

Under K.S.A. 2016 Supp. 60-1507(f)(1), a criminal defendant must file a K.S.A. 60-1507 motion within 1 year of his or her conviction becoming final. A district court may extend the statutory 1-year time limitation "only to prevent a manifest injustice."

7

K.S.A. 2016 Supp. 60-1507(f)(2). The movant has the burden to show manifest injustice. *Sola-Morales*, 300 Kan. at 881.

In *Vontress v. State*, 299 Kan. 607, 616-17, 325 P.3d 1114 (2014), the Kansas Supreme Court articulated the appropriate legal standards when determining whether manifest injustice mandates an extension of time for a movant's untimely K.S.A. 60-1507 motion. The Supreme Court provided a set of nonexclusive factors for courts to consider when conducting a totality of the circumstances inquiry under K.S.A. 60-1507(f)(2): (1) persuasive reasons for failing to file a timely motion; (2) substantial legal or factual grounds indicative of a claim "deserving of the district court's consideration" on the merits; and (3) "a colorable claim of actual innocence, *i.e.*, factual, not legal innocence." 299 Kan. at 616. The court also stated that a movant's failure to provide the reasons for the delay does not automatically exclude the late-filed motion; rather, manifest injustice must be determined based on the totality of the circumstances in each case. 299 Kan. at 617.

On appeal, Speer relies on the first and second factors—persuasive reasons for failing to file a timely motion and substantial legal or factual grounds indicative of a claim deserving of the district court's consideration on the merits. Speer does not rely on the third factor—a colorable claim of actual innocence.

A.      *Substantial legal or factual grounds indicative of a claim deserving of the district court's consideration on the merits*

On appeal, Speer asserts that his defense counsel provided ineffective assistance by failing to have his competency evaluated and by failing to challenge the absence of the probable cause affidavit. A claim alleging ineffective assistance of counsel "presents mixed questions of law and fact requiring de novo review." *Thompson v. State*, 293 Kan. 704, 715, 270 P.3d 1089 (2011). We review "the underlying factual findings for

8

substantial competent evidence and the legal conclusions based on those facts de novo." *Boldridge v. State*, 289 Kan. 618, 622, 215 P.3d 585 (2009).

To prevail on a claim of ineffective assistance of counsel, a movant must satisfy two elements: (1) counsel's performance was deficient, and (2) the deficient performance resulted in prejudice. *In re Care & Treatment of Ontiberos*, 295 Kan. 10, 31, 287 P.3d 855 (2012). Deficiency is shown when a defendant establishes that counsel's performance was so constitutionally deficient that it was less than that guaranteed by the Sixth Amendment to the United States Constitution. *State v. Cheatham*, 296 Kan. 417, 431, 292 P.3d 318 (2013). Judicial scrutiny of counsel's performance in a claim of ineffective assistance is highly deferential and requires consideration of all the evidence before the judge or jury. *Bledsoe v. State*, 283 Kan. 81, 90-91, 150 P.3d 868 (2007). The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" *Cheatham*, 296 Kan. at 437 (quoting *Strickland v. Washington*, 466 U.S. 668, 690-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

To establish prejudice, the movant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. See *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

1.	*Defense counsel's failure to establish Speer's competency to enter a plea*

In his supporting memorandum, Speer argued his defense counsel provided ineffective assistance by failing to have his competency evaluated. Speer contended that his hospitalization and medications called into question his ability to give a knowing and intelligent plea.

"A criminal defendant is incompetent to stand trial when, because of a mental illness or defect, the defendant is unable to understand the nature and purpose of the proceedings against him or her or where he or she is unable to make or assist in making a defense." *State v. Kleypas*, 272 Kan. 894, Syl. ¶ 32, 40 P.3d 139 (2001), *cert. denied* 537 U.S. 834 (2002); K.S.A. 22-3301(1)(a) and (b).

K.S.A. 2016 Supp. 22-3302(1) provides:

"At any time after the defendant has been charged with a crime and before pronouncement of sentence, the defendant, the defendant's counsel or the prosecuting attorney may request a determination of the defendant's competency to stand trial. If, upon the request of either party or upon the judge's own knowledge and observation, the judge before whom the case is pending finds that there is reason to believe that the defendant is incompetent to stand trial the proceedings shall be suspended and a hearing conducted to determine the competency of the defendant."

Although the statute uses permissive rather than mandatory language regarding defense counsel's obligation to seek a competency evaluation, the "'failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent . . . deprives him [or her] of his [or her] due process right to a fair trial.'" *Kleypas*, 272 Kan. at 990 (quoting *Drope v. Missouri*, 420 U.S. 162, 172, 95 S. Ct. 896, 43 L. Ed. 2d 103 [1975]); see *State v. White*, 263 Kan. 283, 314-16, 950 P.2d 1316 (1997).

10

Speer argues his case is similar to *State v. Davis*, 277 Kan. 309, 85 P.3d 1164 (2004). In that case, Davis had a long history of multiple hospitalizations and treatment for psychosis and disorganized/aggressive behavior. Davis' past diagnoses included schizophrenia, bipolar disorder, schizophrenia disorder, antisocial personality disorder, and borderline intellectual functioning. Initially, the district court found that Davis was incompetent to stand trial and committed him to Larned State Security Hospital. Eventually, Davis demonstrated that he was competent to stand trial, and the district court ordered the proceedings to resume. Before trial, Davis wrote his defense counsel four partially incoherent letters, some of which demonstrated confusion about his defense. In his direct appeal, Davis argued his defense counsel provided ineffective assistance for failing to request a pretrial competency evaluation.

On review, the Kansas Supreme Court agreed and held that Davis' counsel was ineffective for failing to request a competency hearing. 277 Kan. at 323. The court reasoned that because counsel had medical reports showing Davis' possible incompetence, counsel's own communications with Davis, and counsel's receipt of the four partially incoherent letters, counsel's performance was deficient in failing to seek another competency hearing. 277 Kan. at 323.

Here, Speer fails to allege facts which, if true, would have established that his defense counsel provided ineffective assistance in failing to request a competency evaluation. Speer alleged that he was admitted to Osawatomie State Hospital for psychiatric treatment in September, October, and December 2009. Speer further alleged that during those hospitalizations he was heavily medicated and he continued that medication regimen throughout his incarceration. Beyond that, Speer did not allege that he was actually incompetent or somehow displayed his mental illness in a fashion that would have alerted his defense counsel of his possible incompetency. Although he was taking a significant amount of medication with *possible* adverse side effects, Speer's K.S.A. 60-1507 motion did not allege that his medications caused any such side effects

11

preventing him from understanding the nature of the proceedings or assisting in his defense. Further, while the medical records show that Speer was diagnosed with bipolar disorder and personality disorder, Speer did not affirmatively contend that these disorders disrupted his ability to function at the plea hearing. And, unlike *Davis*, Speer did not allege that his defense counsel was made aware of those diagnoses before the plea hearing, thereby alerting counsel to Speer's possible incompetence.

Speer also cites to *Zabala v. State*, No. 107,048, 2013 WL 1010302, at *1-3 (Kan. App. 2013) (unpublished opinion), where our court held that the defendant was entitled to an evidentiary hearing on whether his counsel provided ineffective assistance of counsel for failing to have the defendant's competency evaluated because the defendant's motion alleged facts which, if true, would have entitled the defendant to relief. By contrast, Speer did not allege in either his K.S.A. 60-1507 motion or his supporting memorandum that he was incompetent. Rather, he alleged only that his counsel should have pursued a competency evaluation based on his mental health history and medication treatment. Without any factual allegations showing Speer was actually incompetent, it is unreasonable to mandate that his defense counsel seek a competency evaluation.

2. *Defense counsel's failure to challenge the lack of probable cause affidavit to support the arrest warrant*

Speer also argues his defense counsel provided ineffective assistance by failing to challenge the absence of the probable cause affidavit. Speer asserts he was entitled to an evidentiary hearing because the record does not disclose a strategic reason for his defense counsel's failure to challenge the absence of a factual basis to support the charged crimes.

In his supporting memorandum, Speer asserted that neither the complaint nor the amended complaint alleged facts sufficient to find probable cause. No particularity existed as to the specifics of the crime—just a recitation of the crime charged. Speer

maintained that his defense counsel's failure to alert the district court of the lack of factual basis supporting the complaints equated to ineffective assistance of counsel.

Prior to his plea hearing, Speer waived his preliminary hearing. As we see it, Speer's waiver of his preliminary hearing bars his claim. By waiving his preliminary hearing, the purpose of which is to establish probable cause that the crimes alleged in the State's complaint were committed by Speer, Speer also waived the right to challenge the factual basis of the criminal complaint filed against him. See *State v. Jones*, 125 Kan. 147, 148, 264 P. 40 (1928) (irregularity in criminal complaint waived due to defendant's waiver of preliminary hearing); see also *State v. Matzke*, 236 Kan. 833, 839, 696 P.2d 396 (1985) (defendant's failure to subsequently challenge probable cause finding made at preliminary hearing with timely motion to dismiss constituted waiver).

Moreover, while Speer incidentally asserts in his appellate brief that there was no evidence in the record that his attorney knew the underlying facts of his case before negotiating his plea or advising him to accept it, Speer did not raise that claim in either his original or amended K.S.A. 60-1507 motion. Nor did he raise a claim that his counsel wrongly advised him to waive his preliminary hearing. Because issues not raised before the trial court cannot be raised for the first time on appeal, Speer's claims as to the factual sufficiency of the State's complaint or the lack of a probable cause affidavit are not properly before us for review. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

B.    *Persuasive reasons for failing to file a timely motion*

Speer next contends that his K.S.A. 60-1507 motion alleges legitimate reasons for its untimely filing. Speer asserts that, when considered together, his incompetency and the ineffectiveness of his defense counsel resulted in him being unable to file a direct appeal or to withdraw his plea within the standard time frame. Speer maintains that those

13

factors prevented him from acquiring the documents necessary to file a K.S.A. 60-1507 motion before the expiration of the 1-year time limitation.

Speer directs our attention to his October 2013 request for the probable cause affidavit. Speer highlights that he did not receive the affidavit until January 2014 and that the State admitted the affidavit was never filed in his underlying criminal case. But the timing of the State's response does not provide any reason for Speer's failure to file a timely K.S.A. 60-1507 motion. Speer's argument may have been compelling if he had requested the probable cause affidavit within the 1-year time limitation and the State failed to provide it until after the expiration of time limitation. But that is not the case here. Speer's factual allegations do not otherwise provide a persuasive reason for failing to file a timely K.S.A. 60-1507 motion.

Considering the totality of the circumstances, Speer has failed to demonstrate either that his motion raised a substantial issue of law or fact deserving of the district court's consideration or that there was a persuasive reason for the untimely filing of his motion. Accordingly, the district court correctly found that an extension of the 1-year time limitation was not necessary to prevent manifest injustice.

DID THE DISTRICT COURT ERR IN FINDING SPEER FAILED TO SHOW EXCUSABLE NEGLECT TO PERMIT WITHDRAWAL OF HIS PLEA OUT OF TIME?

Speer also contends that the district court erred in finding that he failed to show excusable neglect to permit withdrawal of his plea out of time. Seemingly out of an abundance of caution, the district court found that Speer's motion was untimely when considered as either a K.S.A. 60-1507 motion or a postsentence motion to withdraw a plea. On appeal, neither party affirmatively argues whether the district court appropriately considered Speer's motion as one to withdraw his plea. In any event, a

14

review of the issue reveals that Speer's motion was untimely and that Speer failed to demonstrate excusable neglect to extend the 1-year time limitation.

When a district court summarily denies a postsentence motion to withdraw a plea without argument or additional evidence, our review is de novo because we have the same access to the motions, records, and files as the district court. *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014).

K.S.A. 2016 Supp. 22-3210(d)(2) authorizes a district court to grant a defendant's postsentence motion to withdraw a plea to correct manifest injustice. Kansas courts review at least the following three factors, commonly known as *Edgar* factors, when considering whether a defendant has demonstrated the requisite manifest injustice: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Edgar*, 281 Kan. 30, 35, 127 P.3d 986 (2006); see *State v. Green*, 283 Kan. 531, 545-46, 153 P.3d 1216 (2007) (applying *Edgar* factors to postsentence withdrawal of plea). While the *Edgar* factors are "viable benchmarks for judicial discretion," the Kansas Supreme Court has clarified that the factors should not be relied on to the "exclusion of other factors." *State v. Aguilar*, 290 Kan. 506, 512, 231 P.3d 563 (2010).

K.S.A. 2016 Supp. 22-3210(e)(1) provides that any action under subsection (d)(2) to withdraw a plea must be brought within 1 year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction" or "the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2016 Supp. 22-3210(e)(2) provides an exception and authorizes a district court to extend the time limitation "only upon an additional, affirmative showing of excusable neglect by the defendant."

15

Speer points to *Ellerman v. State*, No. 104,197, 2011 WL 5833333 (Kan. App. 2011) (unpublished opinion), to support his contention that he was entitled to an evidentiary hearing to show excusable neglect in filing his motion to withdraw his plea out-of-time. In *Ellerman*, a criminal defendant filed a postsentence motion to withdraw his plea in 2009, seeking to set aside convictions from 1999 and 2000. Construing the defendant's motion as seeking relief under K.S.A. 60-1507, the district court held the motion was barred as untimely. On appeal, the panel of our court first determined that Ellerman's motion was properly construed as one to withdraw his plea then explained that, where a district court does not hold an evidentiary hearing, an appellate court assumes the facts set out in the motion are true. 2011 WL 5833333, at *2. Applying that standard, the panel held that Ellerman made no showing whatsoever of any excusable neglect for failing to file his motion until 2009, concluding that the motion "was simply made too late." 2011 WL 5833333, at *2.

Even assuming Speer's motion is properly construed as a postsentence motion to withdraw his plea, as in *Ellerman*, Speer has made no showing of any excusable neglect for failing to file the motion until January 6, 2014. In the motion, Speer provided a factual basis to possibly support that he lacked competence *at the time of his conviction and sentencing*. Speer alleged that, during those proceedings, he suffered from anxiety and bipolar disorder, with acute episodes of auditory and visual hallucinations and suicidal ideations and compulsions. Speer also alleged that his treatment for mental illness included psychotropic medications that caused confusion and abnormal thinking as side effects. Speer maintained that his defense counsel was ineffective for failing to assure his competency. In his appellate brief, Speer contends that his allegations of incompetence and ineffective assistance counsel, if true, could have established excusable neglect during the year after his conviction. However, none of the factual allegations contained in Speer's motion relate to his mental condition or legal defense in the year after his conviction. Instead, the allegations pertain to his circumstances before sentencing and a few weeks after sentencing.

16

Speer was sentenced on April 2, 2010. Under K.S.A. 2016 Supp. 22-3210(e)(1), because he filed no direct appeal, appellate court jurisdiction ended on April 16, 2010. Speer has failed to allege any factual basis demonstrating why he could not have filed his motion within the 1-year time limitation—that is, before April 16, 2011. Absent a factual basis to support an excusable neglect finding, the district court correctly summarily dismissed Speer's postsentence motion to withdraw his plea as untimely.

Affirmed.