No. 47,066

O'CHARLES E. DUNLAP, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(512 P. 2d 484)

Opinion filed July 14, 1973.

*John E. Pyles,* of Wichita, argued the cause and was on the brief for appellant.

*Richard Hollingsworth,* assistant district attorney, argued the cause, and *Vern Miller,* attorney general, and *Keith Sanborn,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal from the overruling of a motion to vacate sentence, filed pursuant to K. S. A. 60-1507. The appellant, O'Charles E. Dunlap, was convicted by a jury of first degree robbery on June 5, 1970, and was sentenced to a term of not less than ten nor more than twenty-one years. No appeal was taken from that judgment.

The appellant's *pro se* motion to vacate set out a single issue—whether he was denied the right to be placed in a "lineup for identification" after being accused of robbery. On April 4, 1972, after review of the record in the appellant's trial, the district court overruled the motion to vacate, concluding the appellant had not been denied the right to confront the witness against him as guaranteed by the Sixth Amendment of the United States Constitution, as the eyewitness to the crime had testified during the trial that she could not identify the appellant. The district court likewise concluded there was sufficient circumstantial evidence to support submission of the case to the jury.

Subsequently, counsel was appointed for the appellant to perfect this case on appeal, and counsel specified a second ground of error not alleged in the motion. The appellant contends the district court

erred in his trial by requiring the jury to continue deliberation after it had indicated it was deadlocked, and submitting to the jury a supplemental instruction (No. 22) relating to aiding and abeting, which *coerced* a verdict. On May 2, 1972, the district court heard arguments of counsel concerning the appellant's second contention and concluded the same was without merit. The appellant contends the district court likewise erred in overruling his motion to vacate on that specification of error.

This court is of the opinion the appellant's right to confront the witness against him, as guaranteed by the Sixth Amendment, has not been denied by the failure to be placed in a pretrial lineup. The record is void of any request by the appellant to be placed in a pretrial lineup, and he has cited no authority he was entitled to a pretrial lineup. Trial confrontation of the appellant with the eyewitness satisfied the requirement of the Sixth Amendment, particularly when the record shows the witness could not identify the appellant. However, the record shows the district court concluded that substantial and competent circumstantial evidence existed to submit the case to the jury.

While an accused has the right to a fairly conducted identification procedure, he has no special right to be placed in a lineup. (*Reedy v. State,* 210 Kan. 793, 504 P. 2d 146.) The appellant's first contention is without merit.

The appellant's second contention, challenging the propriety of a jury instruction, constitutes an alleged trial error, not a constitutional ground for collateral attack of his sentence. The record discloses no unusual or intervening changes in the law which precluded the appellant from asserting the trial error on direct appeal, and this court finds no "exceptional circumstances" which would avail him of relief in this case. (*Bush v. State,* 203 Kan. 494, 454 P. 2d 429; *Barnes v. State,* 204 Kan. 344, 461 P. 2d 782; *Baker v. State,* 204 Kan. 607, 464 P. 2d 212; *Eaton v. State,* 206 Kan. 187, 476 P. 2d 694; *Cantrell v. State,* 206 Kan. 323, 478 P. 2d 192, cert. den. 402 U. S. 924, 28 L. Ed. 2d 663, 91 S. Ct. 1390; *Yurk v. State,* 208 Kan. 946, 495 P. 2d 87.) We find no merit in the appellant's second contention.

The judgment is affirmed.