NOT DESIGNATED FOR PUBLICATION

No. 123,892

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

REGINALD O. DUPREE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed June 10, 2022. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., POWELL and WARNER, JJ.

PER CURIAM: While serving a life sentence for various crimes, Reginald Dupree filed a motion under K.S.A. 60-1507 in 2017. The district court denied the 2017 motion without an evidentiary hearing. In 2020, Dupree filed a second K.S.A. 60-1507 motion, asserting that the attorney who represented him on his 2017 motion failed to perfect his appeal and raising additional challenges to his convictions. The district court granted Dupree's request for a late appeal but summarily dismissed the other claims. Dupree now appeals the district court's rulings on both motions, arguing the court should have held evidentiary hearings on his claims. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2012, a jury convicted Dupree of first-degree felony murder, kidnapping, aggravated burglary, aggravated robbery, aggravated assault, and two counts of aggravated endangering a child. The evidence at trial showed that Dupree had participated in a home robbery during which a codefendant shot and killed one of the people in the home. The district court sentenced Dupree to life in prison with no possibility of parole for 20 years, plus an additional 122-month prison term.

The Kansas Supreme Court affirmed Dupree's convictions in his direct appeal. *State v. Dupree*, 304 Kan. 377, 373 P.3d 811 (2016). During that appeal, Dupree argued that the district court erred by not instructing the jury as to aiding-and-abetting liability on the felony-murder charge. 304 Kan. at 392-96. The Supreme Court disagreed, recognizing that aiding-and-abetting liability is built into felony murder, as felony murder does not require the defendant to personally kill anyone—he or she need only be liable for an inherently dangerous felony that leads to someone's death. 304 Kan. at 393. Thus, the Kansas Supreme Court found that the jury instructions "properly and fairly stated the law" in Dupree's case. 304 Kan. at 396.

Dupree filed a timely pro se K.S.A. 60-1507 motion in February 2017. In this motion, he raised four claims:

- The district court erred by refusing to provide an aiding-and-abetting-liability instruction on the felony-murder charge;

- The State committed prosecutorial misconduct when it argued that aiding-and-abetting liability was inherent to the felony-murder charge;

2

- The district court committed structural error when it included the "foreseeability" aiding-and-abetting instruction for Dupree's specific-intent crimes; and

- Dupree's direct-appeal attorney provided ineffective assistance by incorrectly raising the invited-error doctrine.

The district court denied Dupree's motion without an evidentiary hearing. The court determined that it lacked jurisdiction to consider the first three issues because Dupree could have raised them on direct appeal. As to the last claim against his appellate counsel, the court found the argument lacked support and that Dupree showed no prejudice.

Dupree filed a notice of appeal, and the district court appointed an attorney—Roger Falk—to represent him during his appeal. Falk evidently failed to docket the appeal with the appellate courts, and the district court dismissed Dupree's appeal in 2019.

In September 2020, Dupree filed a second pro se motion under K.S.A. 60-1507. In this motion, he argued:

- Falk provided ineffective assistance of counsel by failing to docket the first appeal; and

- Dupree's attorneys during his trial and direct appeal provided ineffective assistance of counsel by failing to challenge the aiding-and-abetting "foreseeability" instruction because it was inapplicable to his specific-intent crimes.

The district court ruled on Dupree's second motion without holding an evidentiary hearing. The court granted Dupree's requested relief on his assertion that Falk had failed to docket the appeal of his first K.S.A. 60-1507 motion, allowing Dupree to file a late

3

appeal. But the court dismissed the remaining claims as untimely and successive. Dupree now appeals the district court's adverse rulings on both motions.

DISCUSSION

When a district court summarily denies or dismisses a K.S.A. 60-1507 motion without holding an evidentiary hearing, appellate courts review that decision de novo. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). This is because an appellate court is in as good a position as the district court to evaluate the merits of the person's claims on the written record. In these cases, the appellate court must assess "whether the motion, files, and records of the case conclusively show that the movant is entitled to no relief." 308 Kan. at 293. The moving party has the burden to establish the grounds for relief by a preponderance of the evidence. Supreme Court Rule 183(g) (2022 Kan. S. Ct. R. at 242).

Motions under K.S.A. 60-1507 "ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal." Rule 183(c)(3) (2022 Kan. S. Ct. R. at 243). But a K.S.A. 60-1507 motion may raise trial errors affecting a person's constitutional rights if exceptional circumstances excuse the failure to raise the issues on appeal. Rule 183(c)(3); see *Trotter v. State*, 288 Kan. 112, Syl. ¶ 8, 200 P.3d 1236 (2009).

K.S.A. 60-1507 motions also are not vehicles for seeking successive or duplicative relief. A court should not entertain a motion for relief on an issue if it has already been decided against the movant in a previous motion or if there has been some other previous determination on the merits. *Beauclair*, 308 Kan. at 304; Rule 183(d). Similarly, preclusive principles prohibit a movant from bringing a claim in a K.S.A. 60-1507 motion that was raised and decided in a past proceeding, such as a direct appeal. *Grossman v. State*, 300 Kan. 1058, 1062, 337 P.3d 687 (2014). And "'those issues that

4

could have been presented [on direct appeal], but were not presented, are deemed waived.'" 300 Kan. at 1062.

In the case before us, we consider the district court's summary denial of claims from both of Dupree's K.S.A. 60-1507 motions—the motion filed in 2017 and the motion filed in 2020. Though the district court partially granted Dupree's second motion, this appeal provides the relief he sought in that claim—appellate review of his first K.S.A. 60-1507 motion. We thus are left to consider the district court's denial of the four claims raised in Dupree's 2017 motion, which the court summarily denied on the merits, and the remaining claims from his 2020 motion, which the court dismissed as untimely and successive.

To begin, we agree with the district court's conclusion that the first three issues in Dupree's 2017 motion are trial errors improper for a K.S.A. 60-1507 motion. "Jury-instruction errors are a classic example of a trial error and thus are ordinarily not a proper subject for a K.S.A. 60-1507 motion, whether or not it's a second or successive one." *Carlson v. State*, No. 100,811, 2009 WL 3018087, at *2 (Kan. App. 2009) (unpublished opinion) (citing *Dunlap v. State*, 212 Kan. 822, 823, 512 P.2d 484 [1973]), *rev. denied* 290 Kan. 1092 (2010). Prosecutorial misconduct is another trial error that is typically inappropriate for a K.S.A. 60-1507 motion. *Haddock v. State*, 282 Kan. 475, 519, 146 P.3d 187 (2006). As Dupree's 2017 motion raises two jury-instruction issues and a prosecutorial-misconduct claim, K.S.A. 60-1507 is an improper vehicle for these claims.

Dupree also raised two of these claims during his direct appeal, making them successive:

- The Kansas Supreme Court ruled on Dupree's first claim—that the aiding-and-abetting instruction should have extended to the felony-murder charge—on direct appeal. *Dupree*, 304 Kan. at 392-96. The court explained that "all participants in a

5

felony murder are principals," so a person cannot aid and abet felony murder. 304 Kan. at 393. It was thus proper to limit the aiding-and-abetting instruction to all counts besides felony murder. 304 Kan. at 395-96. The court recently reiterated this conclusion. See *State v. Bodine*, 313 Kan. 378, 387-92, 486 P.3d 551 (2021).

- The Kansas Supreme Court also ruled on Dupree's second issue—the prosecutorial misconduct claim. Dupree takes issue with the State's closing argument, when the prosecutor told the jury that aiding-and-abetting liability was "already built in" to the felony-murder charge. But on direct appeal, the Kansas Supreme Court found that these comments "correctly reflected Kansas law and fully explained the theory of accomplice liability relevant to the facts of Dupree's case." *Dupree*, 304 Kan. at 395.

And Dupree has not offered any exceptional circumstances that might excuse his failure to raise the remaining claim—the foreseeability jury-instruction issue—during his previous appeal. The district court did not err when it summarily denied these claims.

Dupree's final issue in his 2017 motion asserted that his attorney during his direct appeal provided constitutionally deficient representation by invoking the invited-error doctrine within one of his jury-instruction arguments. But though Dupree raised this issue in his original motion, he has not continued to pursue that argument on appeal. And Dupree has offered no explanation for how the decision to argue invited error during his appeal was defective representation or prejudiced the outcome of his case in any way. See *Strickland v. Washington*, 466 U.S. 668, 684-85, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Rowland v. State*, 289 Kan. 1076, Syl. ¶ 6, 219 P.3d 1212 (2009). "An issue not briefed is deemed waived or abandoned; similarly, a point raised only incidentally in a brief but not argued there is deemed abandoned." *Cooke v. Gillespie*, 285 Kan. 748, Syl. ¶ 6, 176 P.3d 144 (2008). Thus, the final issue raised in Dupree's 2017 motion is not properly before us in this appeal.

In sum, of the four issues Dupree raised in his 2017 motion, three are trial errors and improper for a K.S.A. 60-1507 motion. Two of these trial errors—including Dupree's arguments regarding an aiding-and-abetting instruction for felony-murder cases, which the Kansas Supreme Court explicitly rejected and which Dupree spends the bulk of his appellate brief addressing—are also successive. And Dupree abandoned the fourth issue in his appeal. The district court did not err when it denied Dupree's original K.S.A. 60-1507 motion without an evidentiary hearing.

Dupree also appeals the partial denial of his second K.S.A. 60-1507 motion, which he filed in 2020. The district court granted relief on the claim that Falk was constitutionally ineffective when he failed to docket the appeal from the denial of Dupree's 2017 motion; the court summarily denied relief on all other claims. Similar to Dupree's 2017 motion, these remaining claims involved a jury-instruction issue—Dupree asserted that his trial and appellate counsel were ineffective for failing to challenge instructions relating to the foreseeability of specific-intent crimes. We note, however, that beyond appealing the district court's denial of his second K.S.A. 60-1507 motion in a general sense, Dupree has not continued to pursue these claims in his appeal. Accord *Cooke*, 285 Kan. 748, Syl. ¶ 6 (issues not briefed on appeal are abandoned).

For purposes of completeness, however, we observe that the district court did not err when it declined to reach the merits of these claims. Kansas law requires a person to bring a motion under K.S.A. 60-1507 within one year of the final appellate mandate in his or her direct appeal. See K.S.A. 2020 Supp. 60-1507(f); Rule 183(c)(4). A court may extend this period "only to prevent manifest injustice." K.S.A. 2020 Supp. 60-1507(2). Dupree filed his second K.S.A. 60-1507 motion in 2020, more than a year after the mandate in his direct appeal was issued. The district court found that Dupree's 2020 motion was untimely as to the claims other than the failure to docket his previous appeal, as he provided no explanation for his delay in bringing those other claims. We agree.

7

Dupree argued that the district court should consider his claim against Falk to prevent manifest injustice since Falk failed to docket the appeal of his 2017 motion. But Dupree has not provided any explanation as to why he did not file his remaining claims—the ineffective-assistance-of-counsel claims relating to the foreseeability instruction—within one year of the mandate. Nor does he explain how manifest injustice would result if the time limit for these claims is not extended. These omissions are especially glaring since Dupree included a foreseeability argument in his 2017 motion.

Thus, the district court correctly concluded that these claims from Dupree's 2020 motion were not timely filed. K.S.A. 2020 Supp. 60-1507(f)(3) thus required the district court to dismiss the balance of Dupree's claims in his second K.S.A. 60-1507 motion.

Affirmed.