NOT DESIGNATED FOR PUBLICATION

No. 125,845

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CALEB KANATZAR,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Submitted without oral argument. Opinion filed August 29, 2025. Affirmed.

*Caleb Kanatzar*, appellant pro se.

*Carolyn A. Smith*, assistant district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Caleb Kanatzar appeals the district court's summary denial of his K.S.A. 60-1507 motion. He contends that his trial and appellate attorneys mishandled his case in a variety of ways. He also argues that *Brady* and *Doyle* violations occurred during his trial. See *Doyle v. Ohio*, 426 U.S. 610, 96 S. Ct. 2240, 49 L. Ed. 2d 91 (1976); *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). Following a careful review of the record and analysis of Kanatzar's claims we find that summary denial of the motion was appropriate. The decision of the district court is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of this case were fully set forth by a panel of this court in *State v. Kanatzar*, No. 119,399, 2020 WL 593965 (Kan. App. 2020) (unpublished opinion). Kanatzar raised five claims of error on direct appeal, including: (1) There was not sufficient evidence to support his voluntary manslaughter conviction; (2) the trial court committed clear error in failing to instruct the jury on involuntary manslaughter; (3) the prosecutor's dilution of the State's burden of proof during jury selection amounted to reversible error; (4) cumulative error deprived him of a fair trial; and (5) the sentencing court incorrectly calculated his criminal history score. 2020 WL 593965, at *1.

Finding no reversible error, this court affirmed Kanatzar's convictions and sentence. 2020 WL 593965, at *14. The Kansas Supreme Court denied Kanatzar's petition for review. 313 Kan. 1044 (2021).

Kanatzar timely filed a pro se K.S.A. 60-1507 motion on January 10, 2022. He alleged that an evidentiary hearing was warranted to thoroughly litigate, among other things, the multiple deficiencies exhibited by his trial and appellate attorneys, and the State's commission of *Brady* and *Doyle* violations. He amended or supplemented his motion eight separate times before the district court rendered its decision. The State responded and asserted that Kanatzar's claims should be summarily denied.

The district court summarily denied Kanatzar's motion, a ruling which prompted him to file 11 supplemental motions. The district court again summarily denied Kanatzar's claims.

Kanatzar now brings his case to this court seeking determination of whether the district court erred in summarily disposing of his claims. Additional facts are set forth as necessary to resolve the issues raised for our review.

We begin with an overview of a few of the basic foundational principles for K.S.A. 60-1507 motions. First, a district court has three options when presented with these filings:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

A movant has the burden to prove that resolution of their claims requires an evidentiary hearing and must offer more than conclusory contentions to obtain that relief. That is, an evidentiary basis must be provided in support of their claims, or such an evidentiary foundation must appear in the record. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019). Once a movant satisfies that burden, a hearing must be granted unless the motion is successive and seeks similar relief. *Grossman v. State*, 300 Kan. 1058, 1062, 337 P.3d 687 (2014).

Our standard of review depends on which of these three options a district court chose to exercise. *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020). Here, the district court determined that the first option was the most appropriate avenue. "When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief." *Wimbley v. State*, 292 Kan. 796, 804, 275 P.3d 35 (2011).

There are limits to the types of claims a movant can raise in a K.S.A. 60-1507 motion. While the Legislature established a potential remedy through the statute, it also placed reasonable limits on that remedy to ensure it did not succumb to abuse. *Manco v. State*, 51 Kan. App. 2d 733, 741, 354 P.3d 551 (2015). For example, ordinarily, a K.S.A. 60-1507 motion cannot be used as a substitute for a second appeal involving mere trial errors. See *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011) ("[O]ur general rule requires a defendant to raise all available issues on direct appeal."). But those trial errors that affect a movant's constitutional rights may be raised in a K.S.A. 60-1507 motion provided the movant can articulate exceptional circumstances which excuse their failure to raise the issue as part of their direct appeal. *State v. Brown*, 318 Kan. 446, 448-49, 543 P.3d 1149 (2024); Supreme Court Rule 183(c)(3) (2025 Kan. S. Ct. R. at 237). Exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from reasonably being able to raise the issue previously. *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022). The ineffective assistance rendered by counsel can be classified as an exceptional circumstance. *Dawson v. State*, 310 Kan. 26, 36-37, 444 P.3d 974 (2019).

The right to the effective assistance of counsel is embodied in the Sixth Amendment to the United States Constitution and "plays a crucial role in the adversarial system." *Strickland v. Washington*, 466 U.S. 668, 685, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985). To successfully establish a claim of ineffective assistance of counsel, the movant must demonstrate that counsel provided objectively deficient representation which prejudiced their legal proceedings. *Strickland*, 466 U.S. at 692; see also *State v. Dinkel*, 314 Kan. 146, 148, 495 P.3d 402 (2021); *Khalil-Alsalaami v. State*, 313 Kan. 472, 526, 486 P.3d 1216 (2021). Given Kanatzar allegations concerning his counsels' conduct at trial and on appeal, he bears the burden of fulfilling both prongs of the *Strickland* test. *Mundy v. State*, 307 Kan. 280, 296, 408 P.3d 965 (2018). When choosing to litigate this claim, a movant must be prepared to overcome a strong presumption that counsel's conduct fell

4

within the wide range of reasonable professional assistance and was not motivated by a viable trial strategy. *Strickland*, 466 U.S. at 689; *Dinkel*, 314 Kan. at 148; *State v. Gleason*, 277 Kan. 624, 644, 88 P.3d 218 (2004).

A district court need not address both components of the *Strickland* inquiry if the movant makes an insufficient showing as to one. 466 U.S. at 697. In other words, the possibility of prejudice may be considered without first examining whether counsel's conduct was deficient. *Edgar v. State*, 294 Kan. 828, 830, 283 P.3d 152 (2012).

Finally, in rare cases, a movant is not required to demonstrate they suffered any prejudice or establish that the result of their proceeding would have been different but for the representation they received. In *United States v. Cronic*, 466 U.S. 648, 659, 662, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), the United States Supreme Court determined that a "narrow exception" to that requirement applies in those situations where "counsel has entirely failed to function as the client's advocate" or "'entirely fails to subject the prosecution's case to meaningful adversarial testing.'" *Florida v. Nixon*, 543 U.S. 175, 189-90, 125 S. Ct. 551,160 L. Ed. 2d 565 (2004); see *Bell v. Cone*, 535 U.S. 685, 697, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002); see also *State v. Carter*, 270 Kan. 426, 436-37, 14 P.3d 1138 (2000) (Courts have consistently confined *Cronic* to the exceptionally rare circumstance in which a criminal defendant's lawyer has failed to provide any meaningful representation whatsoever.).

With those principles as our backdrop, we move on to an analysis of Kanatzar's individual claims.

*Whether Kanatzar's attorneys failed to provide effective representation during his trial and on direct appeal*

Kanatzar argues the district court erred in failing to conduct a full evidentiary hearing to resolve this claim. The State counters that the district court correctly denied the motion because the motion, files, and records of the case conclusively established that Kanatzar was not entitled to the relief requested. Again, when the district court chooses that path, we are in as good a position as the district court to consider the merits, so we exercise de novo review. *Bellamy v. State*, 285 Kan. 346, 353, 172 P.3d 10 (2007).

*Ineffective assistance of trial counsel*

We begin with that portion of the alleged professional transgressions Kanatzar attributes solely to his trial counsel, including that they: (1) neglected to request instructions for self-defense, the lesser included offense of involuntary manslaughter, and a modified limiting instruction for K.S.A. 60-455 evidence; (2) failed to thoroughly investigate the possibility that Kanatzar suffered from post-traumatic stress disorder (PTSD); (3) failed to object to and redact a video recording for improper character evidence; (4) neglected to strike a potential juror who knew a detective that was involved in the case; and (5) failed to object when witnesses testified while shackled and dressed in their jail uniform. Of these issues, Kanatzar opted to only carry two forward on appeal—trial counsel's failures to request a lesser included offense instruction for involuntary manslaughter, and to investigate whether Kanatzar suffered from PTSD. Accordingly, our analysis of this aspect of his ineffective assistance claim will be confined to those allegations. Those issues that were not briefed are properly deemed waived or abandoned. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

Kanatzar was charged with intentional second-degree murder in the killing of Terrin Holloway and defense counsel opted to proceed with an all or nothing trial

strategy— Kanatzar was either guilty of the charged offense or not guilty. During the jury instructions conference the district court advised the parties of its intent to issue a lesser included offense instruction for voluntary manslaughter. The jury ultimately found Kanatzar guilty of that lesser offense. 2020 WL 593965, at *4.

It is Kanatzar's contention that the district court's issuance of that additional instruction necessarily rendered an all or nothing outcome an impossibility. Once the landscape shifted, his argument goes, his attorney should have pivoted and requested an involuntary manslaughter instruction to make a more moderate option available to the jury. Kanatzar reasons that when counsel failed to alter their strategy in response to the district court's decision to issue a lesser included offense instruction, that failure amounted to an abandonment of Kanatzar that was sufficient to trigger the *Cronic* exception. See *State v. Adams*, 297 Kan. 665, Syl. ¶ 4, 304 P.3d 311 (2013) (*Cronic* applies when counsel completely abandons a client, and the character of the adversarial process is so undermined as to be fundamentally unfair.).

The primary flaw in Kanatzar's claim is his failure to frame the issue properly. As previously noted, application of the exception is rare and "reserved for situations in which counsel has *entirely* failed to function as the client's advocate." (Emphasis added.) *Nixon*, 543 U.S. at 189. That is not this case. To the contrary, the record before us reflects counsel's active engagement in the instructions conference and attempts to preserve the integrity of their chosen strategy by objecting to the district court's proposed lesser included offense instruction.

Kanatzar argues that this court should apply the *Cronic* exception because of the similarity his case bears to *Lewis v. Zatecky*, 993 F.3d 994 (7th Cir. 2021). The *Lewis* court found that Roderick Lewis' counsel abandoned him at sentencing when counsel's entire advocacy consisted of the following: "'Judge I'm going to defer to Mr. Lewis if he has any comments. I don't have anything to add.'" 993 F.3d at 998. Defense counsel

7

apparently failed to assert mitigating circumstances and certainly did not argue for a reduced punishment at sentencing. The *Lewis* court held that defense counsel essentially announced that he was abandoning his client at a critical stage of the proceedings, so it was appropriate to apply the *Cronic* exception. *Lewis*, 993 F.3d at 1006.

But Kanatzar is not similarly situated and, in truth, his argument works against him. The *Lewis* court drew a distinction between the general rule of ineffective assistance under *Strickland* and the actual or constructive absolute denial of the assistance of counsel that triggers the *Cronic* exception. In short, the *Lewis* court explained that if trial counsel represents a defendant, albeit ineffectively, then the defendant has the burden under *Strickland* of demonstrating prejudice. But if trial counsel failed to represent the defendant *at all*, then *Cronic* applies and relieves the defendant of the obligation to show prejudice. *Lewis*, 993 F.3d at 999, 1002, 1004-05.

Kanatzar falls into the first category according to his own argument. That is, he contends that trial counsel cited the wrong caselaw, thereby representing him ineffectively. He notes that trial counsel cited *State v. Cates*, 223 Kan. 724, 576 P.2d 657 (1978), when arguing against an instruction for voluntary manslaughter as a lesser included offense, and on direct appeal, this court held that *Cates* did not provide any controlling legal analysis and was factually dissimilar. Thus, according to Kanatzar, trial counsel erred in relying on that caselaw.

Kanatzar's argument, then, is a self-contradiction. He urges this court to review his claim through the lens of *absolutely no* assistance yet directs us to an example of his counsel presenting a flawed argument as proof that his counsel failed to advocate for him at all. His own example undermines his assertion that trial counsel did not argue on his behalf as required for *Cronic* to apply. Accordingly, the *Strickland* analysis applies, but Kanatzar has made no argument on appeal based on *Strickland*.

8

This conclusion aligns with other cases uncovered by our research which clarify that when a movant has challenged counsel's failure to request an instruction, the issue is consistently filtered through the *Strickland* analysis. *State v. Turner*, 318 Kan. 162, 173, 542 P.3d 304 (2024) (whether trial counsel was ineffective for failing to request a self-defense instruction required an assessment under *Strickland*); see *Bledsoe v. State*, 283 Kan. 81, 93-94, 150 P.3d 868 (2007); see also *Alvarez v. State*, No. 121,885, 2020 WL 6930603, at *7 (Kan. App. 2020) (*Strickland* test used to determine whether trial counsel was deficient for failing to request a defense of dwelling instruction.); *State v. Ruhl*, No. 113,181, 2019 WL 638143, at *9 (Kan. App. 2019) (unpublished opinion) (counsel's failure to request an accomplice instruction amounted to constitutionally substandard representation satisfying the first part of the *Strickland* test).

Here, because Kanatzar relies solely on the *Cronic* exception to argue that he does not need to show prejudice, he fails to demonstrate that the jury's verdict would have been different if his trial counsel had objected to the instructions as given. As the *Kanatzar* court held on direct appeal, while such an instruction was legally and factually appropriate, the failure to give it did not amount to clear error. 2020 WL 593965, at *7-9. We decline to consider how the *Strickland* test might apply in the absence of any substantive argument from Kanatzar on that specific point. *State v. Gomez*, 290 Kan. 858, 866, 235 P.3d 1203 (2010) (A party must present their argument on appeal and support that contention with pertinent authority, otherwise, the argument will be deemed abandoned.).

Kanatzar's next claim, challenging his trial attorney's failure to investigate whether Kanatzar suffered from PTSD, falls under the deficient performance category and also must be analyzed under *Strickland*. *Gleason*, 277 Kan. at 643-46 (allegation of failure to prepare for trial analyzed under *Strickland*). Again, Kanatzar bears the burden to prove that the evidentiary hearing he requested is necessary and, in order to do so, he must come forward with an evidentiary basis in support of his claims; conclusory contentions

9

will not suffice. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). But here, Kanatzar merely summarizes the factual foundation of the overall issue for us and speculates as to how an investigation into his PTSD might have proved beneficial. This superficial approach is not sufficient to substantiate his claim and position him to meet the rigors of *Strickland* at an evidentiary hearing. Where Kanatzar neglected to satisfy the proper test for either of his challenges to trial counsel's representation he has necessarily failed to sustain his burden, and a finding cannot be made in his favor. Summary denial of these claims was appropriate.

*Ineffective assistance of appellate counsel*

Decisions made by Kanatzar's appellate counsel similarly contributed to Kanatzar's discontent with the outcome of his case. Those issues consisted of claims that appellate counsel failed to allege two separate violations of K.S.A. 60-455 and neglected to challenge the district court's exclusion of evidence concerning the victim's prior bad acts. Kanatzar has not briefed or otherwise presented any of these issues to us for review. Accordingly, the three claims of deficient representation that focus on appellate counsel alone are considered waived or abandoned. *Davis*, 313 Kan. at 248.

*Additional allegations of ineffective assistance of counsel*

This brings us to Kanatzar's final claims of error—that the district court issued an erroneous addendum to an instruction (No. 8), that the prosecutor committed four separate errors during the trial, and his criminal proceeding was tainted by *Doyle* and *Brady* violations.

The manner in which Kanatzar framed each of these issues on appeal essentially asks us to review them through the lens or with the analysis we would use when presented with the issues as part of a direct appeal. That is, he does not frame them as

10

ineffective assistance of counsel claims and filter them through the *Strickland* components. Kanatzar's case is very clearly not on direct appeal and that distinction is important.

Returning to the basic principles we outlined at the beginning of this opinion, trial errors must be corrected as part of a direct appeal; they are not proper fodder for a K.S.A. 60-1507 motion. Supreme Court Rule 183(c)(3). A jury instruction challenge, such as the one Kanatzar attempts to raise with respect to instruction No. 8, is a classic example of a trial error that should be resolved on direct appeal. *Dupree v. State*, No. 123,892, 2022 WL 2114955, at *3 (Kan. App. 2022) (unpublished opinion) (citing *Dunlap v. State*, 212 Kan. 822, 823, 512 P.2d 484 [1973]). The same is true for allegations of prosecutorial error, as well as *Doyle* and *Brady* violations. *Wilkins v. State*, 286 Kan. 971, 990, 190 P.3d 957 (2008) (no exceptional circumstances excused failure to raise *Brady* claim on direct appeal); *LaPointe v. State*, 42 Kan. App. 2d 522, 546, 214 P.3d 684 (2009) (LaPointe failed to show exceptional circumstances that prevented him from raising the prosecutorial misconduct issue on direct appeal); *Honeycutt v. State*, No. 93,666, 2006 WL 2716028, *1 (Kan. App. 2006) (unpublished opinion).

As noted earlier in this opinion, the potential for review of the trial error claims does exist if Kanatzar successfully establishes that the failure to raise them as part of his direct appeal is excused by counsel's deficient representation. *State v. Brown*, 318 Kan. 446, 448-49, 543 P.3d 1149 (2024); *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009). Kanatzar seemingly attempts to satisfy that requirement by asserting, in a somewhat cursory fashion, that trial counsel was ineffective for failing to object when the errors occurred at trial and allowing these issues to manifest and, when appellate counsel did not seek review of the issues, they "failed to raise a claim on appeal that is so obviously valid that any competent lawyer would have raised it." But Kanatzar is required to do more than utter perfunctory statements in order to avail himself of the exception. He never explains *how* trial counsel's lack of an objection constituted

ineffective assistance or resulted in prejudice, particularly with respect to the claims of prosecutorial error which do not require a contemporaneous objection at trial in order to preserve them for appeal. *State v. Barnes*, 320 Kan. 147, 163, 563 P.3d 1255 (2025) (Appellate courts will review a claim of prosecutorial error even in the absence of a contemporaneous objection.). Nor does he substantiate his claim against appellate counsel with authority that undeniably demonstrates what "any competent lawyer" does when confronted with similar circumstances.

Conclusory arguments without support are not enough to obtain relief under K.S.A. 60-1507. *Sola-Morales*, 300 Kan. at 881. Also, appellants abandon arguments they raise incidentally in their brief without explanation or argument. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013). Here, by failing to explain how his attorneys were ineffective and neglecting to argue how their action or inaction resulted in prejudice, Kanatzar's arguments are conclusory, abandoned, and clearly insufficient to trigger the exception necessary for reviewing his claims of trial error.

Kanatzar bore the burden of demonstrating that an evidentiary hearing was necessary to thoroughly litigate and resolve his various claims. His failure to frame the issues properly, however, undermined his ability to meet that obligation. Accordingly, a fair reading of the motion, files, and record of Kanatzar's case demonstrate he was not entitled to relief and that summary denial of his K.S.A. 60-1507 motion was appropriate.

Affirmed.