IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 125,955

STATE OF KANSAS,
*Appellee*,

v.

KEVIN L. BROWN,
*Appellant*.

SYLLABUS BY THE COURT

1.

A district court may not entertain a second or successive motion for relief under K.S.A. 60-1507 unless the alleged errors affect constitutional rights and exceptional circumstances justify raising the successive motion.

2.

Exceptional circumstances are unusual events or intervening changes in the law.

3.

A K.S.A. 60-1507 motion cannot serve as a vehicle to raise an issue that should have been raised on direct appeal, unless the movant demonstrates exceptional circumstances excusing earlier failure to bring the issue before the court.

4.

K.S.A. 60-1507 provides a statutory vehicle for a collateral attack on a criminal conviction and sentence.

1

Appeal from Sedgwick District Court; JEFFREY L. GOERING, judge. Submitted without oral argument December 15, 2023. Opinion filed March 1, 2024. Affirmed.

*Sam S. Kepfield,* of Hutchinson, was on the brief for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett,* district attorney, and *Kris W. Kobach*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Kevin L. Brown appeals from the denial of a motion to vacate his conviction based on asserted trial errors. To understand the context of the present proceeding and appeal, it is necessary to review Brown's previous court actions.

Brown was convicted in 2011 of felony murder, aggravated burglary, and aggravated assault for events taking place in 2010. He was sentenced to a hard 20 life sentence for the murder conviction and to a controlling consecutive sentence of 120 months for the other charges. He appealed his convictions, which were affirmed in *State v. Brown*, 299 Kan. 1021, 327 P.3d 1002 (2014).

On March 1, 2012, Brown filed a pro se motion to set aside the verdict and vacate sentence. The district court denied the motion because it was not filed within the statutory time limitations and because he had docketed his direct appeal.

In July 2016, he filed his first pro se motion under K.S.A. 60-1507, asserting ineffective assistance of appellate counsel. The district court ruled it did not have jurisdiction over the belated motion. The Court of Appeals eventually dismissed Brown's appeal from that judgment, holding that it lacked jurisdiction because he did not file his

notice of appeal within the requisite 30 days. *State v. Brown*, No. 118,800, 2019 WL 405741, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. 1064 (2019).

On May 8, 2020, Brown filed a second motion seeking relief under K.S.A. 60-1507. He again asserted he received ineffective assistance of appellate counsel when counsel failed to argue the district court erred in denying a request for a jury instruction on lesser included offenses under *State v. Berry*, 292 Kan. 493, 254 P.3d 1276 (2011). He also asserted the district court erred when it allowed a codefendant's statements to be read to the jury without providing Brown with the opportunity to confront the author of the statements. The district court dismissed Brown's second K.S.A. 60-1507 motion as untimely, finding he failed to meet his burden of showing manifest injustice so as to relieve him of the statutory one-year limit. The Court of Appeals affirmed in *Brown v. Young*, No. 123,217, 2021 WL 4501852 (Kan. App. 2021) (unpublished opinion).

On March 4, 2022, Brown filed a motion to set aside his convictions and sentence because witnesses for the State lied when they provided testimony at trial; lesser included offense instructions were not given at his trial; the prosecution engaged in misconduct; certain rulings by the trial judge were prejudicial to his case; he received ineffective assistance of trial counsel; and he received ineffective assistance of appellate counsel. He further argued that the timelines for filing the motion were equitably tolled.

The State responded with a "motion to refile defendant's pro se motion." In its motion, the State argued Brown clearly intended to seek relief under K.S.A. 60-1507, and the motion should have been opened as a separately docketed independent civil action.

On April 13, 2022, Brown responded to the State's motion with a letter addressed to the judge, which reads in relevant part:

3

"I'm writing you this letter in regards to the State's attempt to refile my motion in civil court as a 60-1507. I am not a lawyer and do not have the wisdom and knowledge that you have of the law obviously. So I come in all humility to ask you not to do this. The State knows the time limits to file a 60-1507. However there is no time limit for manifest injustice. Although I am not making a claim of actual innocence, that is not the only factor in seeking manifest injustice in a case. There are several issues at stake here, potential perjury and brady violations; potential 6th amendment violations and prosecutorial misconduct all adding up to manifest injustice. I also believe I have standing and was adversely affected by K.S.A. 21-5109(b)(1)."

The district court denied Brown's request for relief, noting that Brown was explicitly electing not to proceed under K.S.A. 60-1507 but that statutory provision is the only permitted means of collaterally attacking a conviction and sentence following conviction. Brown filed a timely notice of appeal. This court assumed jurisdiction under K.S.A. 2022 Supp. 22-3601(b)(3), (4) because the motion was filed in Brown's criminal case, not as a separate civil proceeding.

Brown sought to mount an untimely and successive attack on various aspects of his trial and sentence. He proposes a procedure that avoids the preclusions of the statutory options for such an attack, but he does not articulate a valid alternative approach.

Perhaps for good reason, Brown elected not to use K.S.A. 60-1507 as the vehicle for the instant attack on his conviction. He was unlikely to succeed with such a strategy.

A district court may not entertain a second or successive motion for relief under K.S.A. 2022 Supp. 60-1507 unless the alleged errors affect constitutional rights and exceptional circumstances justify raising the successive motion. See, e.g., *Littlejohn v.*

4

*State*, 310 Kan. 439, 444, 447 P.3d 375 (2019). Exceptional circumstances have been defined as "unusual events or intervening changes in the law." *Rowland v. State*, 289 Kan. 1076, Syl. ¶ 6, 219 P.3d 1212 (2009). Furthermore, unless there is a showing of manifest injustice, Brown only had one year after this court denied his direct appeal to file a claim for relief under K.S.A. 60-1507. K.S.A. 2022 Supp. 60-1507(f)(1)(A). Finally, a K.S.A. 60-1507 motion cannot serve as a vehicle to raise an issue that should have been raised on direct appeal, unless the movant demonstrates exceptional circumstances excusing earlier failure to bring the issue before the court. *Rowland*, 289 Kan. 1076, Syl. ¶ 6.

Brown argues that whether he had to proceed under K.S.A. 60-1507 or whether there was another option available to him is a question of law. But that law is settled. This court has held that "K.S.A. 60-1507 provides the exclusive statutory remedy to collaterally attack a criminal conviction and sentence." *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 1, 298 P.3d 349 (2013).

He could not use a motion to correct an illegal sentence under K.S.A. 2022 Supp. 22-3504 because such a motion may not be used to collaterally challenge a conviction. *State v. Trotter*, 296 Kan. 898, 898, 295 P.3d 1039 (2013).

He asks this court to remand this case "to determine the precise avenue for statutory relief which is available to [him]." He also suggests the district court should have appointed counsel to assist him with his filing. He contends such counsel might have been able to demonstrate manifest injustice allowing him to proceed under K.S.A. 60-1507. But, as noted above, his alleged trial errors could have been raised on direct appeal, so K.S.A. 60-1507 would not have been helpful in any event.

Brown has counsel on appeal, and that counsel has not pointed out a course that the district court should have taken, particularly given Brown's explicit rejection of treating his pleading as a K.S.A. 60-1507 motion. And Brown does not point this court to any authority for the proposition that a district court must figure out an avenue by which a pro se party might win.

Brown elected to pursue a remedy that is not available at law. The district court did not err in denying him relief.

Affirmed.