NOT DESIGNATED FOR PUBLICATION

No. 127,233

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EDRICK D. EDWARDS JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN O'CONNOR, judge. Submitted without oral argument. Opinion filed January 31, 2025. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., MALONE and COBLE, JJ.

PER CURIAM: Edrick D. Edwards Jr. appeals the district court's summary denial of his K.S.A. 60-1507 motion as untimely, arguing actual innocence. Finding no error, we affirm.

1

*Factual and Procedural Background*

Edwards was involved in a deadly attempted armed robbery in January 2007. A jury later convicted him of first-degree felony murder and attempted aggravated robbery in 2008. The district court sentenced him to life plus 38 months in prison.

Our Supreme Court decided Edwards' direct appeal in *State v. Edwards*, 291 Kan. 532, 243 P.3d 683 (2010), and summarized the pertinent facts surrounding his crimes and trial as follows:

> "The charges against Edwards, and three others, stemmed from an attempted armed robbery of Donyel Bagsby, during which Bagsby was fatally shot with a small caliber weapon. The incident occurred inside the Bagsby's home, where one of the men, Samuel Toliver, had gained entrance under the guise of purchasing marijuana. The State effected a plea agreement with Toliver whereby he was offered a reduced charge of involuntary manslaughter in exchange for his testimony against Edwards and the two other participants.
>
> "Toliver testified that the four men had spent the day driving around and smoking marijuana. At some point, the men hatched a plan to rob Bagsby, who they knew to be a small-time marijuana dealer. At the Bagsby residence, Toliver took the point. Mrs. Bagsby answered Toliver's knock and Bagsby came to the door, where he and Toliver began negotiating the price of the marijuana Toliver asked to purchase. Edwards then pushed the door open and entered the residence, carrying a shotgun. Bagsby and Edwards wrestled, and during the struggle, Bagsby was shot. Bagsby was able to shove Edwards out of the house, prior to collapsing and dying of massive blood loss before Mrs. Bagsby's 911 call could be answered. Toliver remained in the residence, at Mrs. Bagsby's request, and he was present when law enforcement arrived.
>
> "Edwards was subsequently arrested, Mirandized, and interrogated. Initially, Edwards denied even being present at the Bagsby house. Eventually, he related a version of events that had him at the Bagsby house with the others to buy drugs, but without any knowledge of a plan to rob the dealer. He also denied being in possession of a firearm when he entered the house." 291 Kan. at 534-35.

Edwards' appeal alleged that the district court erred by violating his right to a speedy trial, dismissing his motion to suppress his custodial statements as involuntary, instructing the jury on aiding and abetting, admitting prejudicial pictures, and denying his request to modify a limiting instruction on K.S.A. 60-455 evidence. Our Supreme Court found no reversible error and affirmed Edwards' convictions. 291 Kan. at 553. The mandate issued in December 2010.

Nearly 12 years later, in August 2022, Edwards filed this pro se K.S.A. 60-1507 motion, alleging "[a]ctual innocence of first-degree murder." He raised three arguments: (1) He could not have been in two places at once; (2) the detective who interviewed him did not believe that he had shot the victim; and (3) no one gathered exonerating evidence.

In a supplemental filing, Edwards claimed—as he had at trial—that he knew nothing about any plan to rob Bagsby before going to Bagsby's house. He also explained that Bagsby's wife testified that she had seen him standing in a doorway between the kitchen and living room of Bagsby's home when the gunshots were fired. Edwards implied that her testimony placed him in a different area than the area from which Bagsby's shooter had fired the gun. Relatedly, Edwards alleged that the ballistics evidence conflicted with the State's theory of the case. The State alleged that Edwards had shot Bagsby while struggling for the murder weapon in his house, and that during that struggle Edwards received a graze wound to his ankle. Edwards alleged that for this theory to be true, the bullet would have gone "into the floor, or traveled through the victim's body, flipped in the air[,] and then dropped in elevation before grazing . . . [his] ankle." He also challenged Toliver's credibility, arguing Toliver had provided several versions of events for self-serving reasons. Finally, Edwards asked the district court to review the recording of his initial interview with police because the interviewing detective had stated his belief that someone other than Edwards had shot Bagsby.

The district court summarily denied the motion as untimely, finding Edwards failed to show manifest injustice or a colorable claim of actual innocence. The district court explained that Edwards' motion simply relitigated matters presented at trial and rejected by the jury. Edwards moved to reconsider, but the district court denied that motion as well. Edwards timely appeals, contending that the district court erred by not holding an evidentiary hearing on his claim of actual innocence.

*The district court did not err by summarily denying Edwards' K.S.A. 60-1507 motion as untimely.*

Edwards argues that the district court erred by summarily denying his K.S.A. 60-1507 motion because he raised a colorable claim of actual innocence. When a district court summarily denies a K.S.A. 60-1507 motion, an appellate court reviews de novo whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022). "'A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record.'" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

A defendant must file a K.S.A. 60-1507 motion within one year from when his conviction becomes final. K.S.A. 2022 Supp. 60-1507(f)(1). Edwards' conviction became final when the mandate issued in December 2010 from his direct appeal. See K.S.A. 2022 Supp. 60-1507(f)(1)(A) ("Any action under this section must be brought within one year of . . . [t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction."). His K.S.A. 60-1507 motion, filed in August 2022, is thus untimely.

A court may extend the time limitation in K.S.A. 60-1507(f) only to prevent manifest injustice. K.S.A. 2022 Supp. 60-1507(f)(2). In making this manifest injustice determination, the court is limited to determining why the movant failed to file the motion within the one-year period or whether the movant makes a colorable claim of actual innocence. K.S.A. 2022 Supp. 60-1507(f)(2)(A).

Edwards does not explain his 12-year delay but relies on the actual innocence exception. To establish a claim of actual innocence, Edwards must show that "it is more likely than not that no reasonable juror would have convicted [him] in light of new evidence." K.S.A. 2022 Supp. 60-1507(f)(2)(A). As we detail below, Edwards does not point to any new evidence to support his claim. Rather, the district court properly rejected Edwards' motion as an improper attempt to relitigate matters already presented to and decided by the jury.

The State charged Edwards with felony murder under K.S.A. 21-3401(b) (Furse). The district court correctly instructed the jury that the State was required to prove that Edwards killed Bagsby during the commission or attempted commission of an aggravated robbery. Our review of the record shows that the jury considered the evidence Edwards relies on to support his 60-1507 claim but found it unpersuasive.

At trial, Edwards repeatedly argued that he did not know about any plan to rob Bagsby and that he did not have a gun or any other weapon that day. He also challenged the reliability of Toliver's testimony, suggesting that Toliver provided a variety of versions of the events and received a lenient plea agreement for his testimony. He likewise challenged the physical evidence related to the gunshots, arguing in part that the evidence proved that no shots were fired in Bagsby's home. But Bagsby's wife testified that she saw Bagsby struggling over a gun with a man, later identified as Edwards, in their house and that the first shot she heard occurred inside the home. Edwards also argued that his DNA was excluded from the evidence gathered and tested from the scene.

5

The jury also heard testimony from the interviewing officer, describing Edwards' and Toliver's versions of the events. The officer agreed with defense counsel that when he first interviewed Edwards, he believed that someone else was responsible for shooting Bagsby. The officer also testified that he told Edwards that he did not believe anyone went to Bagsby's intending to kill Bagsby. Rather, it was an armed robbery gone wrong. Edwards had also told the officer that he did not sustain a gunshot injury to his ankle at Bagsby's but had been shot after the incident at a gas station.

The jury thus considered and rejected Edwards' claim of innocence to Bagsby's murder. Edwards fails to point to any new evidence or to show it is more likely than not that a reasonable juror would have reached a different verdict. See K.S.A. 2022 Supp. 60-1507(f)(2)(A). We thus find no error in the district court's findings that Edwards' claims did not include "newly discovered" evidence that could support a claim of actual innocence.

We also note that a 60-1507 motion is not a way for a convicted person to challenge the sufficiency of the evidence supporting the conviction. The movant is prohibited from raising issues in a 60-1507 motion that should have been raised on direct appeal or in a previous 60-1507 motion. K.S.A. 2022 Supp. 60-1507(c); *State v. Brown*, 318 Kan. 446, Syl. ¶¶ 1, 3, 543 P.3d 1149 (2024); Kansas Supreme Court Rule 183(c)(3),(d) (2024 Kan. S. Ct. R. at 240-41). Edwards does not argue that he could not have raised his evidentiary contentions in his direct appeal.

Edwards' motion was untimely under K.S.A. 2022 Supp. 60-1507(f)(1), and no statutory exception excuses this delay. Thus, the district court did not err by summarily denying Edwards' motion.

Affirmed.