NOT DESIGNATED FOR PUBLICATION

No. 127,834

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

VICTOR A. CARTER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Submitted without oral argument. Opinion filed August 29, 2025. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant, and *Victor A. Carter*, appellant pro se.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., SCHROEDER and PICKERING, JJ.

PER CURIAM: Victor A. Carter timely appeals from the summary dismissal of his K.S.A. 60-1507 motion, arguing the district court should have allowed him to seek relief outside the one-year time limit of K.S.A. 2024 Supp. 60-1507(f)(1). However, we find Carter failed to establish manifest injustice to excuse his untimely filing, nor would he be otherwise entitled to relief. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2005, a jury convicted Carter of first-degree murder, aggravated assault, and criminal possession of a firearm. He was sentenced to imprisonment for life with a mandatory minimum term of 25 years. His convictions and sentences were affirmed on direct appeal. *State v. Carter*, 284 Kan. 312, 332, 160 P.3d 457 (2007). In March 2024, Carter filed a motion for relief under K.S.A. 60-1507, asserting a variety of claims. Most relevant to the issue on appeal, Carter asserted he was entitled to retroactive application of stand-your-ground immunity under K.S.A. 21-5231.

The district court summarily dismissed Carter's motion, finding he failed to establish manifest injustice and failed to explain why the motion—filed almost 17 years after his conviction became final and almost 14 years after the enactment of K.S.A. 21-5231—should be considered. Additional facts are set forth as necessary.

ANALYSIS

When, as occurred here, "'the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief.'" *State v. Roberts*, 310 Kan. 5, 12, 444 P.3d 982 (2019). Carter has the burden to prove an evidentiary hearing is warranted by making more than conclusory contentions and showing that an evidentiary basis exists or is available in the record. See *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

Generally, a defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 2024 Supp. 60-1507(f)(1). The one-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) "may be extended by the [district] court only to prevent a manifest injustice." K.S.A. 2024 Supp. 60-1507(f)(2).

2

"'[A] defendant who files a motion under K.S.A. 60-1507 outside the 1-year time limitation in K.S.A. 60-1507(f) and fails to assert manifest injustice is procedurally barred from maintaining the action.'" *Roberts*, 310 Kan. at 13. In determining whether manifest injustice would permit an untimely motion, courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2024 Supp. 60-1507(f)(2)(A). To assert actual innocence, the movant must "show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2024 Supp. 60-1507(f)(2)(A).

Here, Carter essentially argues he should be permitted to seek relief out of time because it would be manifestly unjust not to allow him the protection of stand-your-ground immunity under K.S.A. 21-5231. However, Carter fails to explain why he waited to file his motion for almost 14 years after K.S.A. 21-5231 became effective. He incidentally asserts he set forth a claim of actual innocence but fails to fully explain the point. In any event, Carter is not entitled to relief.

In *State v. Jones*, 298 Kan. 324, 311 P.3d 1125 (2013), Jones was charged with, among other crimes, two counts of first-degree murder. Jones presented a self-defense argument at trial but was convicted by a jury of all charges. Our Supreme Court rejected Jones' argument, raised for the first time on direct appeal, that he was entitled to stand-your-ground immunity. The *Jones* court held: "[T]he defense must be asserted before trial opens or a dispositive plea is entered. Such an assertion is a timely trigger of the State's probable cause burden. A defendant who waits to invoke [statutory] immunity until appeal after conviction simply waits too long." 298 Kan. at 334. The court found that because the immunity claim was not asserted before trial, the jury's verdict demonstrated "the State has already borne an evidentiary burden far higher than the probable cause burden imposed upon it by the Stand-Your-Ground statute." 298 Kan. at 334.

*Jones* is persuasive here because Carter presented a self-defense argument to the jury, which it rejected by convicting him. Accordingly, the State already met a higher burden than would be required under K.S.A. 21-5231. See *Jones*, 298 Kan. at 334. Carter cannot establish it was manifestly unjust that he was prosecuted and convicted when the jury had already rejected the self-defense argument he now claims entitled him to immunity from prosecution. And Carter points to no new evidence underlying his claim and offers no reason why he waited so long to seek relief.

Carter submitted a pro se supplemental brief, wherein he argues the district court erred in denying relief on other claims set forth in his motion. He advances similar arguments about stand-your-ground immunity addressed in the brief filed by his appellate counsel. But we are likewise unpersuaded by Carter's take on this issue. Carter further argues the district court erred in denying his claims of ineffective assistance of counsel, yet he does not explain why he failed to timely raise those claims. See K.S.A. 2024 Supp. 60-1507(f)(2)(A). Finally, Carter asserts the district court erred in denying his motion to reconsider, wherein he raised arguments about manifest injustice. Yet, those arguments are simply a rehashing of his trial testimony, fail to show exceptional circumstances, and are not proper in a K.S.A. 60-1507 motion. See *State v. Brown*, 318 Kan. 446, 448-49, 543 P.3d 1149 (2024) (holding issue that should have been raised on appeal cannot be raised in K.S.A. 60-1507 motion absent exceptional circumstances).

Overall, Carter seems to be under the mistaken belief the district court was required to address the substance of his claims, notwithstanding the untimeliness of his motion. But that is not the correct standard. Carter has failed to make a colorable claim of actual innocence, identify any new evidence to justify his late filing of the motion, or offer any persuasive explanation for why the motion was not timely filed. See K.S.A. 60-1507(f)(1)-(2); *Sherwood v. State*, 310 Kan. 93, 101, 444 P.3d 966 (2019); *Beauclair v. State*, 308 Kan. 284, 302-03, 419 P.3d 1180 (2018). We observe no error in the district court's summary dismissal of Carter's K.S.A. 60-1507 motion.

Affirmed.

\* \* \*

ISHERWOOD, J., concurring: I concur in the result reached by the majority but write separately because I believe we have an obligation to give deference to the one-year time limitation established by the Legislature under K.S.A. 2024 Supp. 60-1507(f)(1). This time limit is mandatory unless the movant demonstrates that an extension is necessary to prevent manifest injustice. K.S.A. 2024 Supp. 60-1507(f)(2). Procedural bars should be enforced to maintain the integrity of the judicial process, ensure finality in criminal proceedings, and prevent abuse of postconviction remedies.

When presented with a motion that is submitted 17 years beyond the filing deadline, as Victor A. Carter's was here, and it is not accompanied by either a showing of manifest injustice or a colorable claim of actual innocence, as Carter failed to do here, Kansas law requires dismissal of the motion. To be sure, K.S.A. 2024 Supp. 60-1507(f)(3) unambiguously directs that a court must dismiss a motion as untimely if, "upon its own inspection of the motions, files and records of the case, [it] determines the time limitations under this section have been exceeded and that the dismissal of the motion would not equate with manifest injustice." Thus, the door closes on the analysis, and we do not meddle around in the merits of the movant's claims.

In light of this directive from the Legislature, I would simply affirm the district court's conclusion that summary denial of Carter's motion was appropriate where it was filed well beyond the one-year time limitation and was not accompanied by any justification for overcoming the procedural bar.