NOT DESIGNATED FOR PUBLICATION

No. 127,772

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRENTON S. COOK,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Saline District Court; JACOB PETERSON, judge. Submitted without oral argument. Opinion filed March 27, 2026. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., MALONE and HILL, JJ.

PER CURIAM: Brenton S. Cook appeals the district court's order dismissing his third K.S.A. 60-1507 motion after holding a preliminary hearing, finding the motion was untimely and successive. Cook's motion alleged ineffective assistance of his trial and direct appeal counsel. On appeal, Cook does not dispute the district court's findings that his third K.S.A. 60-1507 motion was untimely and successive, but he claims manifest injustice and exceptional circumstances excuse those procedural deficiencies. Cook then proceeds to argue the merits of his ineffective assistance of counsel claims. After thoroughly reviewing the record, we find the district court did not err in dismissing the motion as untimely and successive and affirm the district court's judgment.

1

*Factual and procedural background*

On February 3, 2006, Cook shot and killed Dean Endsley inside his home while collecting money Endsley owed on a drug transaction. Cook's accomplice, Ron Ford, testified against Cook at trial. A jury found Cook guilty of premeditated first-degree murder, aggravated burglary, and criminal possession of a firearm. The district court sentenced Cook to life in prison plus 60 months. Cook's convictions and sentence were affirmed on direct appeal. *State v. Cook*, 286 Kan. 1098, 1112-13, 191 P.3d 294 (2008).

In May 2009, Cook filed a K.S.A. 60-1507 motion alleging Kansas law on premeditation is unconstitutional and the Legislature's failure to define the term violates the separation of powers doctrine. The district court summarily denied the motion. Cook timely filed a notice of appeal and moved for the appointment of appellate counsel. The record does not show that the district court ever addressed the motion. There is no record that the appeal was ever docketed with the Court of Appeals.

In August 2009, Cook filed a second K.S.A. 60-1507 motion alleging he was wrongly convicted based on Ford's false testimony, various trial errors, and ineffective assistance of trial counsel. The district court again summarily denied the motion. The district court acknowledged the fact that Cook had filed a notice of appeal and a motion for counsel after his first K.S.A. 60-1507 motion was denied, but found that Cook had "failed to serve a copy of such motions upon the Court in chambers as required by Supreme Court Rule No. 137, so this Court was unaware of such filings until researching the file in preparation for this current journal entry." Cook did not appeal that ruling. See 2026 Kan. S. Ct. R. at 216.

On June 30, 2023, Cook filed a third K.S.A. 60-1507 motion alleging multiple claims of ineffective assistance of trial and direct appeal counsel. Cook also claimed he was constructively denied counsel, explaining in a supporting brief that his trial counsel

"pressured him to plead self-defense after failing to secure a plea agreement." He asserted actual innocence based on newly discovered evidence to support a claim of manifest injustice. He also asserted "exceptional circumstances exist for considering the issues" raised in the motion. The State responded that the motion was untimely and successive.

The district court held a preliminary hearing and Cook appeared with appointed counsel. On the timeliness issue, Cook argued that the Legislature had amended K.S.A. 60-1507(f) in 2022 by adding subsection (f)(1)(C), which renders timely a motion filed within one-year of the denial of a prior K.S.A. 60-1507 motion. Cook argued that subsection (g) of the statute provided that the amendments made to subsection (f) would not bar actions brought within one year of July 1, 2022. Thus, Cook asserted his motion was timely because he filed it within one year of July 1, 2022. The State argued the motion was untimely because the mandate in the direct appeal was issued in 2008 and the second K.S.A. 60-1507 motion was denied in 2009.

Cook next argued that his motion for the appointment of counsel was never granted when he appealed the denial of his first K.S.A. 60-1507 motion and that the district court appeared to quash that first appeal in ruling on the second K.S.A. 60-1507 motion. Cook argued, "So, what is somebody going to do when they've tried to appeal and the District Court has said, no, you can't appeal?" Cook tied that argument into his claim that his third K.S.A. 60-1507 motion was either timely filed or the untimely filing should be excused. The State countered that these arguments did not amount to manifest injustice required by the statute to excuse an untimely K.S.A. 60-1507 motion.

The parties next addressed Cook's actual innocence claim. Cook argued actual innocence in the context of the K.S.A. 60-1507(f) timeliness requirements and claimed that Ford, who testified that Cook shot Endsley, had been incarcerated with someone named Jeffery Chapman. Cook's counsel explained, "According to Jeffery Chapman, Mr. Cook became aware that Ron Ford did an affidavit recanting his testimony and that he

3

had it notarized by his unit team, but this affidavit never made its way to Mr. Cook." Cook's counsel conceded, "So, we have made attempts to get with Mr. Ford to try to confirm one way or the other does [Ford] have testimony that he wants to recant. And if so, what specifically does he want to recant? I can't tell you specifically what he would recant." The State responded that Cook's claim did not meet the threshold to require further proceedings where he could not produce an affidavit and had no contact with Ford to confirm or refute whether he would recant any testimony.

The district court next heard argument on successiveness and whether exceptional circumstances excused successive claims in the motion. Cook argued that even if he repeated some claims from his prior K.S.A. 60-1507 motions, those claims had never been heard on their merits and were not successive. He claimed that his actual innocence claim supporting manifest injustice also doubled as an exceptional circumstance. The State countered that Cook's claims either were raised or could have been raised sooner and were successive. The district court asked whether the failure to appoint appellate counsel in the first K.S.A. 60-1507 proceedings was an exceptional circumstance. The State responded that Cook should be allowed to file a motion to docket out of time in that case but the issue did not excuse the successive filing of a third K.S.A. 60-1507 motion.

After taking the matter under advisement, the district court entered a written order dismissing Cook's third K.S.A. 60-1507 motion. The district court rejected Cook's argument that his motion was timely based on the 2022 amendments to K.S.A. 60-1507(f) and (g). The district court found that Cook's motion was both untimely and successive and those deficiencies were not excused by manifest injustice or exceptional circumstances. More specifically, the district court found that Cook failed to raise a colorable claim of actual innocence to establish manifest injustice to justify the untimely filing. The district court acknowledged that Cook should have been appointed appellate counsel in the first K.S.A. 60-1507 proceedings but found that failure did not excuse the

4

successive claims in the third K.S.A. 60-1507 motion. Cook timely appealed the district court's judgment.

*Did the district court err in denying Cook's motion as untimely and successive?*

On appeal, Cook claims the district court erred in dismissing his K.S.A. 60-1507 motion as untimely and successive. More specifically, Cook claims the district court should have considered the motion to prevent manifest injustice and because exceptional circumstances excused the successive filing. Cook then proceeds to argue the merits of his claims that he received ineffective assistance from his trial and direct appeal counsel, including his claim that he was constructively denied counsel, even though the district court made no findings on the merits of these claims. Cook does not renew his argument that his motion was timely based on the 2022 amendments to K.S.A. 60-1507(f) and (g). An issue not briefed is considered waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). The State asserts that Cook's third K.S.A. 60-1507 motion is untimely and successive, and his actual innocence claim is meritless.

The district court dismissed Cook's third K.S.A. 60-1507 motion after holding a preliminary hearing. This court reviews the denial of a K.S.A. 60-1507 motion after a preliminary hearing de novo. *Bogguess v. State*, 306 Kan. 574, 583, 395 P.3d 447 (2017).

Much of this appeal centers on whether Cook timely filed his motion or whether he made successive claims therein, and if so, whether manifest injustice or exceptional circumstances excused those procedural deficiencies. Under K.S.A. 60-1507(c), courts need not "entertain a second or successive motion for similar relief on behalf of the same prisoner." Claims that could have or should have been raised in a prior K.S.A. 60-1507 motion are deemed successive. *State v. Brown*, 318 Kan. 446, 448-49, 543 P.3d 1149 (2024). Movants are presumed to have listed all grounds for relief in an initial K.S.A. 60-1507 motion, and the movant must show exceptional circumstances to justify filing a

5

successive motion. *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022.) "Exceptional circumstances include, 'unusual events or intervening changes in the law which prevent[ed] a movant from reasonably being able to raise all of the trial errors in the first postconviction proceeding.'" *Mitchell*, 315 Kan. at 160 (quoting *State v. Kelly*, 291 Kan. 868, Syl. ¶ 2, 248 P.3d 1282 [2011]).

K.S.A. 60-1507(f)(1)(A)-(C) requires that to be timely, a movant must file a K.S.A. 60-1507 motion within one year of the final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; the denial of a petition for writ of certiorari to the United States Supreme Court or issuance of such court's final order following granting such petition; or the decision of the district court denying a prior motion under this section, the opinion of the last appellate court in this state to exercise jurisdiction on such prior motion or the denial of a petition for review on such prior motion, whichever is later. Subsection (f)(2)(A) provides the exclusive exception to the statute's timeliness requirements:

> "(2) The time limitation herein may be extended by the court only to prevent a manifest injustice.
> (A) For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 60-1507(f)(2)(A).

Actual innocence claims under K.S.A. 60-1507(f)(2) fall in the framework outlined in *Beauclair v. State*, 308 Kan. 284, 419 P.3d 1180 (2018). The *Beauclair* court adopted the framework in part from *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), which provided that a colorable claim of actual innocence requires the petitioner to support the claim with "new reliable evidence." *Schlup*, 513

6

U.S. at 299; *Beauclair*, 308 Kan. at 299-300. The habeas court must assess the movant's showing of actual innocence "'but with due regard to any unreliability of it.'" *Beauclair*, 308 Kan. at 300 (quoting *Schlup*, 513 U.S. at 327-28). The *Beauclair* court also rejected the notion that the movant's word alone without an evidentiary basis was sufficient to warrant an evidentiary hearing, and that finding manifest injustice should be reserved for rare and extraordinary cases. *Beauclair*, 308 Kan. at 302.

Cook claims on appeal that his actual innocence based on Ford's potential recantation demonstrates both manifest injustice and an exceptional circumstance. The district court considered the *Beauclair* analysis and determined that Cook alleged insufficient and unreliable evidence to warrant an evidentiary hearing. More specifically, the district court found that Cook could not describe in his motion or at the preliminary hearing what testimony Ford would recant, where Ford's alleged affidavit was, or if the affidavit existed at all. Therefore, the district court found that Cook's allegations were no more than his own words. The district court concluded that Cook's allegations were unsupported and did not convince the court that it was more likely than not that no reasonable jury would have convicted Cook in light of the new evidence.

Cook disagrees with the district court's assessment and argues on appeal that his claim is colorable because he identified Ford as a witness who would recant his testimony and because Cook alleged an affidavit existed but had not "made its way back to [Cook]." Cook's motion was more general and declared that newly discovered evidence required an evidentiary hearing and that Ford's testimony was implicated in that claim. At the preliminary hearing Cook, through counsel, explained his claim more fully as follows:

> "Now, the actual innocence, and I think the main argument on actual innocence is that we
> have a situation where Ron Ford, the co-defendant and the only person to testify that Mr.
> Cook shot Dean Endsley. He had at some point been in custody with a person named
> Jeffrey Chapman. This is an acquaintance or friend of Mr. Cook's, this individual named

7

Jeffrey Chapman. According to Jeffrey Chapman, Mr. Cook became aware that Ron Ford did an affidavit recanting his testimony and that he had it notarized by his unit team, but this affidavit never made its way to Mr. Cook. So, we have made attempts to get with Mr. Ford to try to confirm one way or another does he have testimony that he wants to recant. And if so, what specifically does he want to recant? I can't tell you specifically what he would recant. I can just tell you the circumstances of how Mr. Cook became aware of that information. I think it's significant because he did testify that Mr. Cook shot Mr. Endsley."

In sum, Cook claimed below that Ford would recant unspecified testimony and may have executed an affidavit to that effect, but the affidavit was lost. But Cook also conceded below that he did not know whether Ford would actually recant any of his trial testimony and if so, what testimony he would recant. Put another way, Cook essentially needed to use an evidentiary hearing as a fishing expedition to figure out whether Ford would recant any testimony in the first place—let alone testimony critical to establishing Cook's guilt. In this situation, the district court correctly found that Cook's actual innocence claim was no more than his own unsupported allegation that Ford may or may not recant some testimony that may or may not be helpful to Cook.

We agree with the district court that Cook's claim falls short of a colorable claim of actual innocence under the *Beauclair* standard. Cook has not shown manifest injustice under K.S.A. 60-1507(f)(2). Because K.S.A. 60-1507(f)(2) is the exclusive exception to statutory time limitations, Cook has failed to show that the untimeliness of his motion should be excused. On that ground alone, the district court correctly dismissed Cook's third K.S.A. 60-1507 motion. To be clear, Cook's claim of actual innocence as an exceptional circumstance fails for the same reason.

Cook also argues that the district court's failure to appoint him appellate counsel for his first K.S.A. 60-1507 motion appeal should excuse this successive third motion. The district court acknowledged that Cook should have been appointed appellate counsel

8

in the first K.S.A. 60-1507 proceedings but found that failure did not excuse the successive claims in the third K.S.A. 60-1507 motion, in part, because Cook could still proceed with requesting counsel and docketing an appeal of the first K.S.A. 60-1507 proceedings out of time.

Cook's ineffective assistance of counsel claims against his trial and direct appeal counsel could have and should have been raised in his first K.S.A. 60-1507 motion. If Cook again requests counsel and to docket the appeal of the first K.S.A. 60-1507 motion out of time, the court can consider any such issues properly raised in that motion. Although we do not fully embrace the district court's reasoning, we agree with the district court that the fact Cook was improperly denied appellate counsel in the first K.S.A. 60-1507 proceedings cannot be considered an exceptional circumstance allowing the ineffective assistance of counsel claims to be brought in the third K.S.A. 60-1507 motion.

Finally, to the extent that Cook asserts a claim not addressed on the merits in an earlier case cannot be successive, he is wrong. The prohibition on successive claims applies to any claim that could have or should have been brought in an earlier case, regardless of whether the claims have been addressed on their merits. See *Brown*, 318 Kan. at 448-49 (finding claims of trial error successive where they could have been raised in a previous motion); *Manco v. State*, 51 Kan. App. 2d 733, 738, 354 P.3d 551 (2015) ("Manco perceives he has the right to file a K.S.A. 60-1507 motion whenever he wants for issues he has previously raised that he claims have not been considered on the merits. That is simply not the law."). Thus, we conclude the district court did not err in dismissing the claims Cook raised in his third K.S.A. 60-1507 motion as successive.

Because Cook does not overcome the procedural deficiencies barring his third K.S.A. 60-1507 motion, we need not address the substance of any of his claims. Cook's third K.S.A. 60-1607 motion is both untimely filed and each claim is successive. Cook does not assert a colorable claim of actual innocence to excuse the untimely filing, nor

9

does he show exceptional circumstances to excuse his successive claims. We conclude the district court did not err in dismissing Cook's third K.S.A. 60-1507 motion.

Affirmed.